**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| NEMAN BROTHERS & ASSOC., INC., <br><br> Plaintiff(s), <br><br> vs. <br><br> INTERFOCUS, INC., et al., <br><br> Defendant(s). | Case No: <br> 2:19–cv–10112–JAK–AGR <br><br><br> **STANDING ORDERS FOR CIVIL CASES ASSIGNED TO JUDGE JOHN A. KRONSTADT** |

This Order incorporates the Court's:

1. Initial Standing Order for Civil Cases Assigned to Judge John A. Kronstadt (Exhibit A);

2. Initial Standing Order for Patent Cases Assigned to Judge John A. Kronstadt (Exhibit B);

3. Order Setting Rule 16(b)/26(f) Scheduling Conference (Exhibit C);

4. Schedule A: Schedule of Pretrial and Trial Dates re Order Setting Rule 16(b)/26(f) Scheduling Conference for Civil Cases, Patent Cases and ERISA Cases (Exhibit C-1);

5. Order Re Jury/Court Trial for Cases Assigned to Judge John A. Kronstadt (Exhibit D);

6. Standing Protective Order for Cases Assigned to Judge John A. Kronstadt

1   (Exhibit E);

2       7. Format for Evidentiary Objections (Exhibit F); and

3       8. Format for Summary Chart for Motions for Attorney's Fees (Exhibit G). Please read

4   each Order carefully as they differ in some respects from the Local Rules.

5       Counsel are advised that the Court, at any time, may amend one or more of its

6   Standing Orders. It is the responsibility of counsel to refer to this Court's Procedures

7   and Schedules found on the website for the United States District Court, Central District

8   of California (www.cacd.uscourts.gov) to obtain the operative order.

9       The Court thanks the parties and their counsel for their anticipated cooperation in

10  carrying out these requirements.

11

12

13  Dated: January 30, 2020

    _____

14  JOHN A. KRONSTADT
    UNITED STATES DISTRICT COURT

15

16

17

18

19

20

21

22

23

24

25

26

27

28

2

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

Plaintiff's Name(s),

       Plaintiff(s),

  vs.

Defendant's Name(s),

       Defendant(s).

Case No.: _____ JAK ( x)

**INITIAL STANDING ORDER FOR CIVIL CASES ASSIGNED TO JUDGE JOHN A. KRONSTADT**

17

This case has been assigned to the calendar of Judge John A. Kronstadt. Both the Court and counsel bear responsibility for the progress of this litigation in federal court. To "secure the just, speedy, and inexpensive determination" of this case, as called for in Fed. R. Civ. P. 1, all parties or their counsel are ordered to become familiar with the Federal Rules of Civil Procedure, the Local Rules of the Central District of California, and this Court's Standing Orders.

**THE COURT ORDERS AS FOLLOWS:**

**1.     Service of the Complaint**

The plaintiff shall promptly serve the complaint in accordance with Fed. R. Civ. P. 4 and file the proofs of service using the Court's Civil Form CV-001 pursuant to Local Rule 5-3. Although Fed. R. Civ. P. 4(m) does not require the summons and complaint to be served for 90 days, the Court expects service as soon as service can reasonably be

accomplished. The Court will require plaintiff to show good cause to extend the service deadline beyond 90 days.

**2.    Presence of Lead Counsel**

Lead trial counsel shall attend any scheduling, pretrial, or settlement conference set by the Court unless engaged in trial. Should that occur, counsel are to file a request for alternate or co-counsel to appear with a proposed order. The Court does not permit special appearances; only counsel of record may appear at any proceeding.

**3.    Ex Parte Applications**

Ex parte applications are solely for extraordinary relief and should be used with discretion. *See Mission Power Eng'g Co. v. Cont'l Cas. Co.*, 883 F. Supp. 488 (C.D. Cal. 1995). Ex parte applications that fail to conform to Local Rule 7-19, including a statement of opposing counsel's position, will not be considered, except on a specific showing of good cause. Concurrently with service of the ex parte papers by electronic service and telephonic notice, counsel shall also serve the moving party by either facsimile, email, or personal service, and give notice to the moving party that opposing papers must be filed no later than 24 hours (or one court day) following service. If counsel do not intend to oppose the ex parte application, counsel must inform the Courtroom Deputy Clerk by telephone or email as soon as possible.

**4.    Continuances or Extensions of Time**

This Court is very committed to adhering to all scheduled dates. In general, this makes the judicial process more efficient and less costly. Changes in dates are disfavored. Trial dates set by the Court are firm and will rarely be changed. Therefore, any request, whether by application or stipulation, to continue the date of any matter before this Court must be supported by a sufficient basis that demonstrates good cause why the change in the date is essential. Without such compelling factual support, requests to continue dates set by this Court will not be approved. Counsel requesting a continuance must electronically file any application or stipulation with a proposed order, including a detailed declaration of the grounds for the requested continuance or extension of time.

The Court will not consider any request that does not comply with the Local Rules and this Order. Proposed stipulations extending scheduling dates become effective only if, and when, this Court approves the stipulation as presented to, or modified by, the Court, and an associated order is entered. Counsel should avoid submitting requests for a continuance less than at least seven (7) calendar days prior to the scheduled date that is the subject of the request.

Any request or stipulation to continue shall incorporate the modified deadlines in addition to the deadlines that remain unchanged. Each proposed modification should be entered above the corresponding deadline, within the same cell as the corresponding current deadline. The modified deadline should be placed between brackets (i.e., "[Date]"). For example:

| [March 11, 2020] Jan 1, 2019 | Non-Expert Discovery Cut-Off |
|---|---|

### 5.    TROs and Injunctions

Parties seeking emergency or provisional relief shall comply with Fed. R. Civ. P. 65 and Local Rule 65-1. The application shall include a proof of service which complies with the Court's requirements for ex parte applications or a separate request for service to be excused. The Court will not rule on any application for such relief for at least 24 hours after the party subject to the requested order has been served, unless service is excused. Counsel shall call the Courtroom Deputy Clerk no later than 30 minutes after e-filing the documents. Additionally, on the day the documents are e-filed, counsel shall deliver a courtesy copy on the 4th Floor of the First Street Courthouse.

### 6.    Cases Removed from State Court.

All documents filed in state court, including documents appended to the complaint, answers, and motions, must be re-filed in this Court as a supplement to the notice of removal. *See* 28 U.S.C. § 1447(a) and (b). If the defendant has not yet answered or filed

a motion in response to the complaint, the answer or responsive pleading filed in this Court must comply with the Federal Rules of Civil Procedure and the Local Rules. If, before the case was removed, a motion or demurrer in response to the complaint was pending in state court, it must be re-noticed in this Court in accordance with Local Rule 6-1 and Local Rule 7. Counsel shall file with their first appearance a Notice of Interested Parties in accordance with Local Rule 7.1-1.

If an action is removed to this Court that contains a form pleading, *i.e.*, a pleading in which boxes are checked, the party or parties utilizing the form pleading must file an appropriate pleading with this Court within 30 days of receipt of the Notice of Removal. The appropriate pleading referred to must comply with the requirements of Fed. R. Civ. P. 7, 7.1, 8, 9, 10 and 11.

**7.    Status of Fictitiously Named Defendants**

This Court intends to adhere to the following procedures where a matter is removed to this Court on diversity grounds with fictitiously named defendants. *See* 28 U.S.C. §§ 1441 and 1447.

a.    Plaintiff is expected to ascertain the identity of, and serve, any fictitiously named defendant, within 90 days of the removal of the action to this Court.

b.    If plaintiff believes (by reason of the necessity for discovery or otherwise) that fictitiously named defendants cannot be fully identified within the 90-day period, an ex parte application requesting permission to extend that period to effectuate service may be filed with this Court. Such an application shall state the specific reasons for the requested extension of time, including a description of all efforts made up to that time to identify and serve such person(s). The ex parte application shall be served upon all appearing parties, and shall state that appearing parties may file written comments within seven (7) days of the filing of the ex parte application.

c.    If plaintiff wants to substitute a defendant for one of the fictitiously named defendants, plaintiff shall first seek the consent of counsel for all defendants (and counsel for the fictitiously named party, if that party has separate counsel). If consent is withheld

or denied, plaintiff should file a motion on regular notice. The motion and opposition should address whether the matter should thereafter be remanded to the Superior Court if complete diversity of citizenship would no longer be present as a result of the addition of the new party. *See* U.S.C. § 1447(c) and (d).

**8.   Discovery**

   **a.   Discovery Matters Referred to Magistrate Judge**

   All discovery matters, including all discovery motions, are referred to the assigned United States Magistrate Judge. The Magistrate Judge's initials follow the District Judge's initials next to the case number on this Order. All discovery-related documents must include the words "DISCOVERY MATTER" in the caption to ensure proper routing. Counsel are directed to contact the Magistrate Judge's Courtroom Deputy Clerk to schedule matters for hearing. Please deliver mandatory chambers' copies of discovery-related papers to the Magistrate Judge assigned to this case rather than to this Court.

   In accordance with 28 U.S.C. § 636(b)(1)(A), the Court will not reverse any order of the Magistrate Judge unless it has been shown that the Magistrate Judge's order is clearly erroneous or contrary to law.

   Any party may file and serve a motion for review and reconsideration before this Court. *See* Local Rule 7-18. The moving party must file and serve the motion within 14 days of service of a written ruling or within 14 days of an oral ruling that the Magistrate Judge states will not be followed by a written ruling. The motion must specify which portions of the ruling are clearly erroneous or contrary to law and support the contention with points and authorities. Counsel shall deliver a conformed copy of the moving papers and responses to the Magistrate Judge's Courtroom Deputy Clerk at the time of filing.

   **b.   Compliance with Fed. R. Civ. P. 26(a)**

   Unless there is a likelihood that, upon motion by a party, the Court would order that any or all discovery is premature, counsel should begin to conduct discovery actively before the Scheduling Conference. Discovery is not stayed prior to the Scheduling Conference or after dates have been set unless otherwise ordered by the Court. At the

very least, the parties shall comply fully with the letter and spirit of Fed. R. Civ. P. 26(a) and thereby obtain and produce most of what would be produced in the early stage of discovery, because at the Scheduling Conference the Court will impose firm deadlines to complete discovery.

**9.    Motions**

    **a.    Time for Filing and Hearing Motions**

Motions shall be filed in accordance with Local Rule 6-1 and Local Rule 7. In general, this Court hears motions on Mondays, beginning at 8:30 a.m. If Monday is a national holiday, motions will be heard on the following Monday. It is not necessary to clear a hearing date with the Courtroom Deputy Clerk prior to the filing of a motion, but counsel shall review the Court's Closed Motion Dates prior to selecting a date. Motion dates are closed when the Court's calendar is full and, therefore, counsel shall not assume that a motion date(s) is available.

The Court does not require a proposed order to be e-filed with any motion unless otherwise directed by the Court. A separate order will issue.

    **b.    Briefing Motions**

**Please read this section carefully. This Court's schedule for briefing motions differs significantly from the briefing schedule set by the Local Rules.**

Any motion that is filed and set for a hearing to be held fewer than 35 days from the date of the filing of the motion shall be briefed pursuant to Local Rule 6-1 and Local Rule 7. Otherwise, motions shall be briefed according to the following schedule:

(a). Any motion that is filed and set for a hearing between 35 and 70 days from the date of the filing of the motion: (i) any opposition must be filed no later than 14 days <u>after</u> the filing of the motion; and (ii) any reply must be filed no later than 21 days <u>after</u> the filing of the motion.

(b). Any motion that is filed and set for a hearing more than 70 days from the date of the filing of the motion: (i) any opposition must be filed no later than 21 days <u>after</u> the filing of the motion; and (ii) any reply must be filed no later than 35 days <u>after</u> the filing of the

motion.

The Court will permit the parties to stipulate, without a court order, to a briefing schedule for any motion that is set for a hearing to be held more than 70 days from the hearing date it was filed so long as the reply is filed no later than five (5) weeks prior to the hearing date. A stipulation regarding the agreed-upon briefing schedule shall be filed with the Court within seven (7) calendar days from the date the motion is filed. The stipulation shall include in the caption "STIPULATED PER STANDING ORDER."

### c.   Pre-Filing Requirement To Meet and Confer

Counsel must comply with Local Rule 7-3, which requires counsel to engage in a pre-filing conference "to discuss thoroughly . . . the substance of the contemplated motion and any potential resolution." Counsel should discuss the issues to a sufficient degree that if a motion is still necessary, the briefing may be directed to those substantive issues requiring resolution by the Court. Counsel should resolve minor procedural or other non-substantive matters during the conference. The *in propria persona* status of one or more parties does not alter this requirement.

### d.   Length and Format of Motion Papers

Memoranda of points and authorities shall not exceed 25 pages and all footnotes shall be in the same type size pursuant to Local Rule 11-3. Oppositions shall not exceed 25 pages and any reply shall not exceed 10 pages. All motion papers shall be filed pursuant to Local Rule 11-3 and Local Rule 11-6. Only in rare instances and for good cause shown will the Court grant an application to extend these page limitations. No supplemental brief shall be filed without prior leave of Court.

If documentary evidence in support of or in opposition to a motion or application exceeds 100 pages, the documents shall be placed in a binder, with an index and with each item of evidence separated by a tab divider. If such evidence exceeds 200 pages, the documents shall be placed in a Slant D-Ring binder, with an index and with each item of evidence separated by a tab divider.

\\\

Counsel shall adhere to Local Rule 5-4.3 with respect to the conversion of all documents to a PDF so that when a document is e-filed, it is in the proper size and format that is PDF searchable. Further, all documents shall be filed in a format so that text can be selected, copied, and pasted directly from the document.

### e.    Mandatory Chambers' Copies

Mandatory chambers' copies are to be submitted pursuant to Local Rule 5-4.5. The Court requires copies of only: (i) initial pleadings (complaints, counterclaims, cross-claims), (ii) Joint Rule 16(b)/26(f) reports with schedule of pretrial and trial dates, (iii) motion papers (motions, oppositions, replies, non-oppositions, and any document relating to such), (iv) trial documents (joint statement of the case, proposed voir dire, jury instructions, verdict form, joint exhibit list, joint witness list, and any disputes relating to such), (v) ex parte applications relating to a temporary restraining order, and (vi) presentation materials for patent cases. Mandatory chambers' copies must be delivered to the Clerk's Office, located in the First Street Courthouse, no later than 12:00 P.M. on the day following the filing of the document, with the exception of a document(s) relating to a temporary restraining order, which is to be submitted the day it is filed. *See infra*, 11, p. 18.

Mandatory chambers' copies must be printed from CM/ECF, and must include the CM/ECF-generated header (consisting of the case number, document control number, date of filing, page number, etc.). Any stapling or binding should not obscure the CM/ECF-generated header. The Court prefers that chambers' copies not be two-hole punched or blue-backed; when possible, staple each copy only in the upper left hand corner.

### f.    Citations to Case Law

Citations to case law must identify not only the case cited, but the specific page referenced. For example, if a quotation is presented, the associated page citation shall be provided. Similarly, if a case is cited in support of a proposition based on language in the opinion, the page(s) on which such language appears shall be provided. Bluebook style

is preferred.

### g.   Citations to Other Sources

Statutory references should identify with specificity the sections and subsections referenced. Citations to treatises, manuals, and other materials should include the volume, section, and pages that are referenced. Citations to prior filings in the same matter shall include the docket entry number, section, and pages that are referenced. Bluebook style is preferred.

### h.   Oral Argument

If the Court deems a matter appropriate for decision without oral argument, the Court will notify the parties in advance. Local Rule 7-15.

## 10.   Specific Motions

### a.   Motions Pursuant to Rule 12

Many motions to dismiss or to strike can be avoided if the parties confer in good faith (as required by Local Rule 7-3), especially where perceived defects in a complaint, answer, or counterclaim could be corrected by amendment. *See Chang v. Chen*, 80 F.3d 1293, 1296 (9th Cir. 1996) (where a motion to dismiss is granted, a district court should provide leave to amend unless it is clear that the complaint could not be saved by any amendment). These principles require that plaintiff's counsel carefully evaluate defendant's contentions as to the deficiencies in the complaint. In most instances, the moving party should agree to any amendment that would cure the defect.

If a motion to dismiss is granted with leave to amend, counsel shall attach as an appendix to an amended pleading a "redline" version of the amended pleading showing all additions and deletions of material.

### b.   Motions to Amend

All motions to amend pleadings shall: (1) state the effect of the amendment and (2) identify the page and line number(s) and wording of any proposed change or addition of material. The proposed amended pleading shall be serially numbered to differentiate it from previously amended pleadings.

In addition to the requirements of Local Rule 15, counsel shall attach as an appendix to the moving papers a "redline" version of the proposed amended pleading showing all additions and deletions of material.

### c.   Summary Judgment Motions

Parties need not wait until the motion cut-off date to bring a motion(s) for summary judgment or partial summary judgment. Whenever possible, the party moving for summary judgment should provide more than the minimum twenty-eight (28) day notice for motions. *See* Local Rule 6-1. The parties should prepare papers in a fashion that will assist the Court in locating the evidence with respect to the facts (*e.g.*, generous use of tabs, tables of contents, headings, indices, etc.). The parties are to comply precisely with Local Rule 56.

### i.   Statements of Uncontroverted Facts and Genuine Issues

The Statement of Uncontroverted Facts and Conclusions of Law ("Statement of Uncontroverted Facts"), as required by Local Rule 56-1, shall be separately lodged and identify each claim for relief on which the moving party seeks summary judgment and the legal grounds for summary judgment. In a two-column format beneath the identified claim for relief, the left-hand column shall set forth, sequentially numbered, each allegedly uncontroverted material fact as to that claim for relief, and the right-hand column shall set forth the evidence that supports the factual statement. Citation to the supporting evidence shall be specific, including reference to the docket number, exhibit, page, and line number. The Statement of Uncontroverted Facts shall be formatted based on the following examples:

**Plaintiff's Claim for Relief for _____ is Barred by the Applicable Statute of Limitations. (Cite)**

| | |
|---|---|
| 1. (Moving party's first undisputed fact) | (Supporting evidence citation, *e.g.*, Dkt. 50, Exh. 5 at 7:3-5) |
| 2. (Moving party's second undisputed fact) | (Supporting evidence citation, *e.g.*, Dkt. 51-5, Exh. 5 at 8:4-5) |

\\\

Chambers' copies of the Statement of Uncontroverted Facts and Conclusions of Law shall be submitted in a binder, which is separated from the evidence in support of a motion for summary judgment. Counsel shall include tab dividers which separate the statements of uncontroverted facts in support of each claim for relief.

The opposing party's Statement of Genuine Disputes of Material Fact must be in two columns and track the movant's separate statement exactly as prepared. The left-hand column must restate the allegedly undisputed fact and the alleged supporting evidence, and the right-hand column must state either that it is undisputed or disputed. The opposing party may dispute all or only a portion of the statement, but if disputing only a portion, such party must clearly indicate what part is being disputed, followed by the opposing party's evidence controverting the fact. To demonstrate that a fact is disputed, the opposing party must briefly state why it disputes the moving party's asserted fact, cite to the relevant exhibit or other evidence, and describe what it is in that exhibit or evidence that refutes the asserted fact. No legal argument should be set forth in this document.

Chambers' copies of the opposing party's Statement of Genuine Disputes must also be submitted in a binder, which is separated from the evidence in opposition to a motion for summary judgment. Counsel shall include tab dividers which separate the Statement of Genuine Disputes as to each claim for relief.

The opposing party may submit additional material facts that bear on, or relate to, the issues raised by the movant, which shall follow the format described above for the moving party's separate statement. These additional facts shall continue in sequentially numbered paragraphs and shall set forth in the right-hand column the evidence that supports that statement. Additional material facts shall be filed in a separate document from the Statement of Genuine Disputes. Chambers' copies of the opposing party's additional material facts must be filed in a separate binder from the Statement of Genuine Disputes. Counsel shall include tab dividers which separate the additional material facts as to each claim for relief.

\\\

### ii.   Supporting Evidence

No party shall submit evidence other than the specific items of evidence or testimony necessary to support or controvert a proposed statement of undisputed fact. For example, entire deposition transcripts, entire sets of interrogatory responses, and documents that do not specifically support or controvert material in the separate statement shall not be submitted in support of or opposition to a motion for summary judgment.

Evidence submitted in support of, or in opposition to, a motion should be submitted either by way of stipulation or as exhibits to declarations sufficient to authenticate the proffered evidence, and should not be attached to the memorandum of points and authorities. Documentary evidence as to which there is no stipulation regarding foundation must be accompanied by the testimony, either by declaration or properly authenticated deposition transcript, of a witness who can establish authenticity.

The parties shall ensure that electronically filed copies of evidence in support of, or in opposition to, a motion for summary judgment are in the proper format. Thus, all documents must be PDF searchable and have selectable text that may be copied and pasted directly from the filed document. All chambers' copies shall be filed in accordance with ¶ 9(d) of this Order. All chambers' copies and electronically filed documents must include the CM/ECF-generated header (consisting of the case number, document control number, date of filing, page number, etc.).

Additionally, testimony cited in a statement of uncontroverted facts, statement of genuine material facts, or additional material facts shall be highlighted and/or underlined in both the electronically filed copy on CM/ECF and in the chambers' copies.

### iii.   Objections to Evidence

Evidentiary objections to a declaration submitted in connection with a motion or other matter shall be made in writing and served and e-filed at the same time as, but separately, from the opposition or reply papers. If a party disputes a fact based in whole or in part of an evidentiary objection, the ground of the objection should be succinctly stated in a separate statement of evidentiary objections in a three-column format:

a. The left column should include the <u>entire</u> declaration or deposition, which shall include the highlighted, underlined, and/or bracketed portions that are being objected to (including page and line number, if applicable). Each objection shall be numbered and located within the copy of the declaration.

b. The middle column should set forth a concise objection (*e.g.*, hearsay, lacks foundation, etc.) with a citation to the Federal Rules of Evidence or, where applicable, a case citation.

c. The right column should provide space for the Court's entry of its ruling on the objection.

d. A proposed order shall be filed and attached to the evidentiary objections as a separate document consistent with Local Rule 52-4.1 and either uploaded through the CM/ECF System or emailed directly to the Court's Chambers' email at: jak_chambers@cacd.uscourts.gov.

*See* Exhibit F to this Order. Counsel shall adhere to this format for any evidentiary objections that are submitted to the Court for consideration.

**d. Motions in Limine**

Motions in limine are heard at the date and time of the Final Pretrial Conference and shall be e-filed fourteen (14) calendar days before the Final Pretrial Conference. The motions shall be prepared and filed consistent with Local Rule 6-1 and Local Rule 7 shall be numbered sequentially by each party who presents them. The supporting memorandum shall not exceed ten (10) pages. Any opposition(s) shall be e-filed seven (7) days before the Final Pretrial Conference and shall not exceed 10 pages. The Court will permit oral argument on motions in limine and, therefore, a reply is not required. The Court hears all motions in limine, which shall be numbered sequentially by each party who presents them, at the time of the Final Pretrial Conference.

**e. Motions for Attorney's Fees**

Motions for attorney's fees shall be e-filed and set for hearing according to Local Rule 6-1 and this Order. Any motion or request for attorney's fees shall attach two

summaries, in table form, of the hours worked by and billing rate of each attorney with title (i.e., partner, local counsel, associate, etc.).

The first table shall include a summary of the hours worked by each attorney, organized by task (i.e., discovery, motion to dismiss, motion for summary judgment). If the hourly rate charged by any individual attorney changed while the case was ongoing, the party shall provide separate calculations for the total number of hours that the attorney spent in connection with each task at each hourly rate.

The second table shall include a summary of the hours worked by each attorney, organized by attorney. This table shall list all of the tasks on which the attorney worked, the hours worked on each task, and the hourly rate of each attorney.

Any table as set forth above shall be attached to the motion and electronically filed. The courtesy copy of the table shall be emailed to the Court's Chambers' email at: jak_chambers@cacd.uscourts.gov, which shall be prepared in Microsoft Excel and have all restrictions removed so that the spreadsheet can be edited. *See* Exhibit G.

### i.   Motions for Preliminary and Final Approval of Class Action Settlement

Parties submitting a motion for preliminary or final approval of a class settlement shall include a spreadsheet supporting any proposed award of attorney's fees. The spreadsheet shall include an estimate of any future attorney's fees for which compensation will be sought, the normal hourly rate of all counsel for whom entries appear on the spreadsheet, the support for such hourly rate(s), and an explanation of the basis of any service enhancement award for lead plaintiff(s), including the hours worked and activities performed by such lead plaintiff(s). An editable, electronic courtesy copy shall be prepared in Microsoft Excel and emailed to the Court's Chambers' email at: jak_chambers@cacd.uscourts.gov formatted for use with Microsoft Excel. *See* Exhibit G.

### 11.   Under Seal Documents

Counsel shall comply with Local Rule 79-5. All applications must provide the reason(s) why the parties' interest in maintaining the confidentiality of the document(s)

outweighs the public's right of access to materials submitted in connection with a judicial proceeding. Counsel are ordered to meet and confer in person or by telephone at least seven (7) calendar days prior to the filing of an application in which the basis for the requested sealing is stated to determine if they can agree on the proposed under seal filing. Not later than two (2) calendar days after the meet and confer process has concluded, the non-proposing party shall confirm whether it agrees to having such information designated as confidential or whether it opposes an under seal filing. Any application for under seal filing, whether or not opposed, shall contain the dates and method by which the parties met and conferred. If such information is not provided, the application will be denied without prejudice to an amended application being filed that complies with the foregoing terms.

**E-filing Applications for Leave to File Under Seal**

1.  The application for leave to file under seal shall be filed on the public docket and shall attach a proposed order pursuant to Local Rule 5-4.4.1 and Local Rule 5-4.4.2. Any declaration that supports the application shall also be attached to the application unless it contains confidential information. The declaration shall be filed under seal as its own docket entry if it contains confidential information.

2.  The unredacted version of any document(s) shall be filed under seal. It may be attached to the declaration that supports the application, if the declaration is sealed and is filed as its own docket entry. Otherwise, it shall be filed as its own docket entry. The title shall include "Unredacted" or "Sealed" as the first word of the title of the document. Any sealed document must clearly mark the information that is confidential or privileged via highlighting in color and/or using brackets.

3.  The Court will review the submitted documents and make a determination as to whether the document(s) can be sealed and filed on the docket. If the application is granted, counsel shall file:

1

2

3

4

5

     (i)     The unredacted version of the entire document as its own docket entry. The title shall include "Unredacted" or "Sealed" as the first word of the title of the document. Any information that has been redacted or omitted from the public filing must be clearly marked via highlighting in color and/or using brackets.

6

7

8

9

10

11

12

     (ii)    The redacted version of the entire document as its own docket entry. Unless otherwise stated in the order granting the application, a redacted version is required of all sealed documents. The title shall include "Redacted" as the first word of the title of the document. Any information that is confidential or privileged must be blacked out or a page shall be inserted with the title of the document that indicates that the entire document is sealed.

13

14

15

16

17

18

19

20

     (a) Closely related materials filed at the same time where some are proposed to be filed under seal and others will not be sealed shall be considered as a single document and filed as a single docket entry containing multiple attachments. For example, if certain exhibits to a declaration are to be filed under seal, even if other exhibits or the declaration are not, the entire document for which permission to seal should be sought is the declaration and all exhibits. The docket shall therefore include:

21

22

23

- one unredacted/sealed docket entry with the documents to include the declaration with all exhibits, including sealed exhibits, efiled as an attachment to the declaration;

24

25

26

- a separate redacted docket entry with the documents to include the declaration with all exhibits, including redacted exhibits, efiled as an attachment to the declaration.

27

28

     (iii)   A courtesy copy shall be delivered of the sealed document(s) only, both at the time that they are submitted as proposed documents to

be sealed in connection with the application and after the

application is granted. No courtesy copy is necessary of the

application, proposed order, or any redacted document(s).

**12.   Initial Pleadings**

Counsel shall comply with Local Rule 3 when filing initial pleadings. All initiating

pleadings, including third-party complaints, amended complaints, complaints in

intervention, counterclaims, and cross claims, shall be filed as a separate document.

None shall be combined with an answer.

**13.   Amended Pleadings**

Every amended pleading shall be serially numbered to differentiate the pleading

from prior pleadings, e.g., First Amended Complaint, Second Amended Counterclaim,

Third Amended Cross Claim, etc. Counsel shall attach as an appendix to all amended

pleadings a "redline" version of the amended pleading showing all additions and

deletions of material from the most recent prior pleading.

**14.   Pro Se/Self-Represented Parties**

Pro se/Self-represented parties may continue to present all documents to the Clerk

for filing in paper format pursuant to Local Rule 5-4.2. However, the Court will also permit

self-represented parties to present all documents to the Clerk for filing by email so long as

they comply with the following requirements:

(a)   The document shall be prepared so that it complies with the requirements set

forth in Local Rule 11-3, i.e., legibility, font, paper, pagination, spacing, title page, page

limits, etc. Additionally, the document shall also comply with any requirements specific to

the type of document that is being submitted for filing, i.e., motions need to also adhere to

Local Rule 6-1 and Local Rule 7 as set forth in ¶ 9 of this Order.

(b)   The document shall be emailed as a PDF document to the Chambers' email:

jak_chambers@cacd.uscourts.gov no later than the date it is due. The Court will deem

the date the document is emailed as the filed or lodged date. The proceeding line of

the email shall contain: (i) the case number; (ii) case name; and (iii) "Pro Se Filing" to

ensure it will be filed/lodged properly.

(c)     The Chambers' email will be used solely to accept documents for filing. The Chambers' email is not to be used in any way to communicate with the Judge or Clerk. All parties, including Pro se/Self-represented parties, shall refrain from writing letters to the Court, sending e-mail messages, making telephone calls to chambers, or otherwise communicating with the Court unless opposing counsel is present. All matters must be called to the Court's attention by appropriate application or motion pursuant to Local Rule 83-2.5.

(d)     A courtesy copy of the document shall be mailed to the Court no later than 12:00 p.m. on the day following the date it was emailed as set forth in ¶ 9(e) of this Order.

(e)     It is the Court's expectation that Pro se/Self-represented parties are to comply with the Local Rules and the rules set by this Court. The Court has a Pro Se Clinic available to assist those persons who do not have an attorney to represent them. Clinics are located in Los Angeles, Riverside, and Santa Ana. More information can be obtained on the Court's website located at http://prose.cacd.uscourts.gov/. The Los Angeles Clinic operates by appointment only. You may schedule an appointment either by calling the Clinic or by using an internet portal. You can call the Clinic at (213) 385-2977, ext. 270 or you can submit an internet request at the following site: http://prose.cacd.uscourts.gov/los-angeles. Clinic staff can respond to many questions with a telephonic appointment or through your email account. It may be more convenient to email your questions or schedule a telephonic appointment. Staff can also schedule you for an in-person appointment at their location in the Roybal Federal Building and Courthouse, 255 East Temple Street, Suite 170, Los Angeles, California 90012.

**15. Notice of This Order/E-Filed Documents**

Plaintiff's counsel or plaintiff (if appearing on his or her own behalf) shall immediately serve this Order on all parties, including any new parties to the action. If this case came to the Court by a Petition for Removal, the removing defendant(s) shall serve this Order on all other parties.

Any document that is e-filed shall be served by mail that same day on any party or attorney who is not permitted or has not consented to electronic service, with a proof of service to be filed within 24 hours.

**IT IS SO ORDERED.**

_____
JOHN A. KRONSTADT
UNITED STATES DISTRICT JUDGE

EXHIBIT B

INITIAL STANDING ORDER FOR PATENT CASES ASSIGNED TO JUDGE JOHN A. KRONSTADT

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| Plaintiff's Name(s),<br><br>            Plaintiff(s),<br><br>   vs.<br><br>Defendant's Name(s),<br><br>           Defendant(s). | Case No.: _____ JAK ( x)<br><br>**INITIAL PATENT ORDER FOR CASES ASSIGNED TO JUDGE JOHN A. KRONSTADT** |

These Standing Patent Rules are based on the Standing Patent Rules issued by Judge Andrew J. Guilford in September 2013, which were based largely on information obtained from over 100 patent practitioners and professors, a review of all the other local patent rules and a review of related literature. The rules were drafted to respond to the needs of this community and to reduce transaction costs and increase procedural predictability. Two central goals were that the rules be outcome neutral and as concise as possible.

**1.      GENERAL PROVISIONS**

**1.1      Title**

These are the Standing Patent Rules for cases assigned to Judge John A. Kronstadt. They should be cited as "S.P.R. ___."

\\\

\\\

### 1.2    Effective Date

These Standing Patent Rules take effect on April 1, 2014, and apply in cases filed on or after that date. The Court may order that they also apply, with appropriate modification, to cases filed before that date.

### 1.3    Scope and Construction

These rules apply to all cases involving a claim of infringement, non-infringement, invalidity or unenforceability of a utility patent. The Local Rules of this District shall also apply to such actions, except to the extent that they are inconsistent with these Standing Patent Rules. The Court will consider requests to opt out of these Standing Patent Rules, particularly when all parties agree the case involves damages or other claims of less than $2 million.

### 1.4    Modification of These Rules

The Court may modify or suspend these rules at any time. The Court will consider modifications to these rules suggested by the parties based on the circumstances of any particular case. Such party-suggested modifications shall, in most cases, be made at the scheduling conference, but may be made at other times upon a showing of good cause.

### 1.5    Confidentiality

Absent a Court order, discovery cannot be withheld on the basis of confidentiality. The Court's Standing Protective Order shall govern discovery unless the Court enters a different protective order, which may be entered by the assigned Magistrate Judge without further order from the District Judge.

### 1.6    Relationship to the Federal Rules of Civil Procedure

Except as provided in this paragraph or otherwise ordered, it shall not be a ground for objecting to discovery requests (such as interrogatories, document requests, requests for admission or deposition questions), or declining to provide information otherwise required by Fed. R. Civ. P. 26(a)(1), that the discovery request or disclosure requirement is premature due to, or otherwise conflicts with, these Standing Patent Rules. But a party may object to the following categories of discovery requests (or decline to provide

information in its initial disclosures under Fed. R. Civ. P. 26(a)(1)) on the ground of prematurity under these Standing Patent Rules: (1) requests seeking a party's claim construction position; (2) requests seeking from the patent claimant a comparison of the asserted claims and the accused apparatus, product, device, process, method, act or other instrumentality (collectively "Accused Instrumentality"); (3) requests seeking from an accused infringer a comparison of the asserted claims and the prior art; (4) requests seeking from an accused infringer the identification of any advice of counsel or related documents.

**2.     PATENT DISCLOSURES, EARLY MEETING OF THE PARTIES, AND SCHEDULING CONFERENCE**

**2.1     Disclosure of Asserted Claims and Infringement Contentions**

No later than 14 days after the Court issues an order setting a scheduling conference, a party asserting patent infringement shall serve on all parties a Disclosure of Asserted Claims and Infringement Contentions. Separately for each opposing party, the Disclosure of Asserted Claims and Infringement Contentions shall contain the following information as described in S.P.R. 2.1.1 through 2.1.6.

> **2.1.1**  Each claim of each patent in suit that is allegedly infringed by each opposing party, including for each claim the applicable statutory subsections of 35 U.S.C. § 271 asserted.

> **2.1.2**  Separately for each asserted claim, each Accused Instrumentality. This identification shall be as specific as reasonably possible.

> **2.1.3**  A chart identifying specifically where each limitation of each asserted claim is found within each Accused Instrumentality, including, for each limitation that such party contends is governed by 35 U.S.C. § 112(6)/(f), the identity of the structure(s), act(s), or material(s) in the Accused Instrumentality that performs the claimed function, and whether each limitation of each asserted claim is alleged to be literally present or present under the doctrine of equivalents in the Accused Instrumentality.

**2.1.4** For any patent that claims priority to an earlier application, the priority date allegedly applicable to each asserted claim.

**2.1.5** If a party claiming patent infringement wishes to preserve the right to rely, for any purpose, on the assertion that its own apparatus, product, device, process, method, act or other instrumentality practices the claimed invention, the party shall identify, separately for each asserted claim, each such apparatus, product, device, process, method, act or other instrumentality that incorporates or reflects that particular claim.

**2.1.6** If a party claiming patent infringement alleges willful infringement, the basis for such allegation.

**2.2    Document Production Accompanying Disclosure**

With the Disclosure of Asserted Claims and Infringement Contentions, the party claiming patent infringement shall produce the following items described as set forth in S.P.R. 2.2.1 through 2.2.3, identifying the documents corresponding to each category by production number.

**2.2.1** A copy of the file history for each patent in suit.

**2.2.2** All documents evidencing ownership of the patent rights by the party asserting patent infringement.

**2.2.3** If a party identifies instrumentalities under S.P.R. 2.1.5, documents sufficient to show the operation of any aspects or elements of such instrumentalities the patent claimant relies upon as embodying any asserted claims.

**2.3    Early Meeting of Counsel**

No later than 14 days after the service of the materials required by S.P.R. 2.1 and 2.2, counsel for the parties shall exchange Fed. R. Civ. P. 26(a)(1)(A) initial disclosures and meet in person or telephonically to prepare for the scheduling conference and prepare the joint Fed. R. Civ. P. 16(b)/26(f) report. Both sides have the duty to schedule the meeting and comply with this paragraph, with plaintiff initiating the process. The parties should consider, where applicable, consolidation of related cases, including for trial, and

transfer for pretrial purposes through the Judicial Panel on Multidistrict Litigation. The parties should consider the Federal Circuit Advisory Committee's Model Order Limiting Excess Patent Claims and Prior Art. The parties should discuss ADR timing, recognizing that settlement decisions, like other business decisions, are often made with incomplete information. Where necessary in multi-defendant cases and upon a showing of good cause, counsel may apply for a reasonable extension of time to hold the early meeting of counsel. The parties shall submit their joint Fed. R. Civ. P. Rule 16(b)/26(f) report no later than 14 days after the early meeting of counsel. *See* Exh. C-1.

**2.4    Scheduling Conference**

A scheduling order will be issued by the Court. The parties will be required to file a Joint Rule 16(b)/26(f) Report. Upon review of the Report, the Court will either issue a scheduling order or set the matter for a hearing. If a hearing is necessary, each side will have the opportunity to present briefly any potentially dispositive issues it wishes to bring to the Court's attention and to discuss its position on disputed scheduling issues. The presentations are intended to allow the Court to make informed decisions on scheduling and potential modifications of these rules. At the scheduling conference, the Court will issue a scheduling order.

**2.5    Invalidity Contentions**

No later than 14 days after the scheduling conference, each party opposing a claim of patent infringement shall serve on all parties Invalidity Contentions containing the following information as described in S.P.R. 2.5.1 through 2.5.4.

**2.5.1**  The identity of each item of prior art that allegedly anticipates each asserted claim or renders it obvious. Each prior art patent shall be identified by its number, country of origin and date of issue. Each prior art publication shall be identified by its title, date of publication, author and publisher. Prior art under 35 U.S.C. § 102(b)/(a) shall be identified by specifying the item offered for sale or publicly used or known, the date the offer or use took place or the information became known, and the identity of the person or entity which made the use or which made and received the offer, or the person or entity which made

the information known or to whom it was made known. Prior art under 35 U.S.C. § 102(f), or other claim of derivation, shall be identified by providing the name of the person(s) from whom and the circumstances under which the invention or any part of it was derived. Prior art under 35 U.S.C. § 102(g) shall be identified by providing the identities of the person(s) or entities involved in and the circumstances surrounding the making of the invention before the patent applicant(s).

 **2.5.2**  Whether each item of prior art anticipates each asserted claim or renders it obvious. If obviousness is alleged, an explanation of why the prior art renders the asserted claim obvious, including an identification of any combinations of prior art showing obviousness.

 **2.5.3**  A chart identifying where specifically in each alleged item of prior art each limitation of each asserted claim is found, including for each limitation that such party contends is governed by 35 U.S.C. § 112(6)/(f), the identity of the structure(s), act(s) or material(s) in each item of prior art that performs the claimed function.

 **2.5.4**  Any grounds of invalidity based on 35 U.S.C. § 101, indefiniteness under 35 U.S.C. § 112(2)/(b), or enablement or written description under 35 U.S.C. § 112(1)/(a) of any of the asserted claims.

**2.6** **Document Production Accompanying Invalidity Contentions**

With the Invalidity Contentions, the party opposing a claim of patent infringement shall produce the items described as follows in S.P.R. 2.6.1 through 2.6.2, identifying the documents corresponding to each category by production number.

 **2.6.1**  Source code, specifications, schematics, flow charts, artwork, formulas or other documentation sufficient to show the operation of any aspects or elements of an Accused Instrumentality identified by the patent claimant's S.P.R. 2.1.3 chart.

 **2.6.2**  A copy or sample of the prior art identified under S.P.R. 2.5.1 that does not appear in the file history of the patent(s) at issue. To the extent any such item is not in English, an English translation of the portion relied upon shall be produced.

**2.7     Disclosure Requirement in Patent Cases for Declaratory Judgment of Invalidity Where No Claim of Infringement Has Been Made**

In all cases where a party files a complaint or other pleading seeking a declaratory judgment that a patent is invalid, S.P.R. 2.1 and 2.2 shall not apply unless and until a claim for patent infringement is made, and the party asserting patent infringement shall have 28 days (instead of 14 days) after the order setting the scheduling conference to make its disclosures pursuant to S.P.R. 2.1 and 2.2. If the defendant does not assert a claim for patent infringement in its answer to the complaint, the party seeking a declaratory judgment of invalidity shall serve upon each opposing party its S.P.R. 2.5 and 2.6 disclosures no later than 14 days after the order setting the scheduling conference.

**3.     CLAIM CONSTRUCTION**

**3.1     Exchange of Proposed Terms for Construction**

No later than 14 days after the S.P.R. 2.5 and 2.6 disclosures, each party shall serve on each other party a list of claim terms the party contends should be construed by the Court, and identify any claim term the party contends should be governed by 35 U.S.C. § 112(6)/(f). The parties shall then work to limit the terms in dispute by narrowing or resolving differences, and to jointly identify the 10 terms likely to be most significant to the case.

**3.2     Exchange of Claim Constructions and Extrinsic Evidence**

No later than 14 days after the exchange of the S.P.R. 3.1 lists, the parties shall simultaneously exchange proposed constructions of each term identified by either party for claim construction. Each such construction shall also, for each term that any party contends is governed by 35 U.S.C. § 112(6)/(f), identify the structure(s), act(s) or material(s) corresponding to that term's function. At the same time the parties exchange their constructions, each party shall also identify all references from the specification or prosecution history that support its proposed construction and designate any supporting extrinsic evidence including, without limitation, dictionary definitions, citations to learned treatises and prior art, and testimony of percipient and expert witnesses. Extrinsic

evidence shall be identified by production number and by producing a copy if not previously produced. For any supporting witness, percipient or expert, the identifying party shall also provide a declaration containing that witness' testimony regarding claim construction. The parties shall then meet and confer to narrow the issues and finalize preparation of a Joint Claim Construction and Prehearing Statement.

**3.3    Completion of Claim Construction Discovery**

No later than 28 days after service of the material required by S.P.R. 3.2, the parties shall complete all discovery desired for claim construction, including any depositions of fact and expert witnesses regarding claim construction.

**3.4    Joint Claim Construction and Prehearing Statement**

No later than seven days after the completion of claim construction discovery, the parties shall complete and file a Joint Claim Construction and Prehearing Statement. The Joint Claim Construction and Prehearing Statement shall contain the information described as follows in S.P.R. 3.4.1 through 3.4.5.

> **3.4.1** The parties' agreed constructions.

> **3.4.2** A chart showing each party's proposed construction of each disputed term, together with an identification of all references from the specification or prosecution history that support that construction, and an identification of any extrinsic evidence supporting its proposed construction or undermining any other party's proposed construction, including, but not limited to, dictionary definitions, citations to learned treatises and prior art, and testimony of percipient and expert witnesses.

> **3.4.3** An identification of up to 10 terms whose construction will be most significant to the case. If the parties cannot agree on the 10 most significant terms, the parties shall identify the ones they agree are most significant and then they may evenly divide the remainder. While the Court may in its discretion construe more than 10 terms, the total terms identified by all parties as most significant cannot exceed 10. For example, in a case involving two parties, if the parties agree upon the identification of five terms as most significant, each may only identify two

additional terms as most significant. A failure to make a good faith effort to narrow

the instances of disputed terms or otherwise participate in the meet and confer

process of any of the provisions in S.P.R. 3 may expose counsel to sanctions,

including under 28 U.S.C. § 1927.

**3.4.4**  Whether the party believes it will need more than 45 minutes total for all its

presentation at the claim construction hearing, and if so, how much time, and why

more time is necessary.

**3.4.5**  Whether any party proposes to call one or more witnesses at the claim

construction hearing, the identity of each such witness, and for each witness, a

summary of the testimony including, for any expert, each opinion to be offered on

claim construction.

**3.5**     **Claim Construction Briefs**

No later than seven days after they file the Joint Claim Construction and Prehearing

Statement, the parties shall file simultaneous opening claim construction briefs of not

more than 25 pages. Not later than 14 days after the opening briefs, the parties shall file

simultaneous responsive briefs of not more than 10 pages. With its responsive brief, each

party shall submit any presentation material (such as demonstrative exhibits, including

PowerPoint or other slide presentations) it wishes to use at the claim construction hearing,

and may submit a technology tutorial of no more than 20 minutes in length on CD-ROM,

DVD or USB thumb drive. Any presentation materials shall be served on all parties as of

the time that they are filed. At the claim construction hearing, the Court will not accept, and

will not permit the parties to use, any presentation material that was not submitted with

the briefing. If a party wishes to use a physical exhibit at the claim construction hearing,

it shall file with its responsive brief photographs of the physical exhibit along with a

statement that it intends to use the physical exhibit at the hearing. Concurrently with

the filing of the responsive briefs, the parties shall jointly lodge with the Court the

material described as follows in S.P.R. 3.5.1 through 3.5.3.

\\\

**3.5.1** A chart in Word or WordPerfect format providing the parties' proposed constructions of each disputed term, with a column for the Court's construction.

**3.5.2** An annotated copy of the certified file history for each asserted patent. Each file history shall be printed double-sided, indexed, tabbed and compiled in a three-ring binder. Each office action, response, filing or other communication shall be given a separate tab, with the date of each clearly designated. Portions of the file history relied upon by the patentee for claim construction shall be highlighted in yellow. Portions of the file history relied upon by the accused infringer(s) shall be highlighted in blue. Portions of the file history relied upon by both sides shall be highlighted in green.

**3.5.3** An electronic copy of each file history on a CD-ROM, DVD or USB thumb drive. Each file history shall be a single PDF file with bookmarks corresponding to the tabs on the paper copy, and containing the highlighting present on the paper copy.

**3.6  Claim Construction Hearing**

Subject to the Court's calendar, approximately 119 days (17 weeks) after the scheduling conference, the Court will conduct a claim construction hearing. Each side shall have 45 minutes for its presentation, subject to enlargement at the Court's discretion. Again, parties may not use at the hearing any presentation material they did not previously serve on opposing counsel and submit to the Court in accordance with S.P.R. 3.5.

**4.    FINAL CONTENTIONS, EXPERT REPORTS, DISCLOSURE OF ADVICE OF COUNSEL, AND DISPOSITIVE MOTION DEADLINE**

**4.1    Final Infringement Contentions and Expert Reports**

No later than 28 days after the Court construes the claims, the party claiming patent infringement shall serve the information described as follows in S.P.R. 4.1.1 and 4.1.2. The deadlines provided in this rule do not excuse the requirement to supplement disclosures and discovery responses promptly. If a party receiving Final Infringement Contentions believes that amendments were made without good cause, it may move the

Court to strike them.

**4.1.1** All Rule 26 expert reports on issues where the party claiming patent infringement bears the burden of proof.

**4.1.2** A statement that its S.P.R. 2.1 contentions are its Final Infringement Contentions, or in the alternative, Final Infringement Contentions that amend its S.P.R. 2.1 contentions. A party serving Final Infringement Contentions that amend its prior contentions shall also provide a redline against its prior contentions and a statement of reasons for each amendment. Amendments are subject to a good cause standard but do not require prior Court approval where they are made due to a claim construction by the Court different from that proposed by the party seeking amendment, or recent discovery of nonpublic information about the Accused Instrumentality that was not discovered, despite diligent efforts, before the service of the Infringement Contentions.

**4.2      Final Invalidity Contentions and Expert Reports**

No later than 28 days after service of the Final Infringement Contentions, the party opposing a claim of patent infringement shall serve the information described as follows in S.P.R. 4.2.1 and 4.2.2. The deadlines provided in this rule do not excuse the requirement to supplement disclosures and discovery responses promptly. If a party receiving Final Invalidity Contentions believes that amendments were made without good cause, it may move the Court to strike them.

**4.2.1** All Rule 26 expert reports on issues where the party opposing a claim of patent infringement bears the burden of proof.

**4.2.2** A statement that its S.P.R. 2.5 contentions are its Final Invalidity Contentions, or in the alternative, Final Invalidity Contentions that amend its S.P.R. 2.5 contentions. A party serving Final Invalidity Contentions that amend its prior contentions shall also provide a redline against its prior contentions and a statement of reasons for each amendment. Amendments are subject to a good cause standard but do not require prior Court approval where they are made

due to a claim construction by the Court different from that proposed by the party seeking amendment, or recent discovery of material prior art that was not discovered, despite diligent efforts, before the service of the Invalidity Contentions.

## 4.3    Rebuttal Expert Reports and Close of Discovery

Rebuttal expert reports are due no later than 28 days after service of the respective S.P.R. 4.1 and 4.2 reports. Discovery closes 28 days after service of the latest set of rebuttal reports. This will typically be approximately 119 days (17 weeks) after the claim construction hearing. Amendments to or supplementation of expert reports after Standing Patent Rules deadlines are presumptively prejudicial and shall not be allowed absent prior leave of court upon a showing of good cause that the amendment or supplementation could not reasonably have been made earlier and that the opposing party is not unfairly prejudiced.

## 4.4    Advice of Counsel

No later than 28 days after service by the Court of its claim construction ruling, each party relying upon advice of counsel as part of a patent-related claim or defense for any reason shall produce the information described as follows in S.P.R. 4.4.1 through 4.4.3. A party not complying with this rule shall not be permitted to rely on advice of counsel for any purpose absent a stipulation of all parties or order of the Court.

> **4.4.1**  Any written advice and related documents for which the attorney-client and work-product protection have been waived.

> **4.4.2**  A written summary of any oral advice and related documents for which the attorney-client and work-product protection have been waived.

> **4.4.3**  A privilege log identifying any other documents, except those authored by counsel acting solely as trial counsel, relating to the subject matter of the advice that the party is withholding on the grounds of attorney-client privilege or work-product protection.

## 4.5    Final Day for Filing Dispositive Motions

All dispositive motions shall be filed no later than 28 days after the close of discovery.

**5    TRIAL**

**5.1    Standard Trial Procedures**

Generally, trial procedure is governed by this Court's Specific Order on Jury/Court Trial and the Central District of California's Local Rules.

**5.2    Other Possible Trial Procedures** The Court is open to creative trial procedures, such as imposing time limits, allowing short statements introducing each witness's testimony before examination, allowing questions from the jury and giving the jury a full set of instructions before the presentation of evidence.

**IT IS SO ORDERED.**

_____
JOHN A. KRONSTADT
UNITED STATES DISTRICT JUDGE

EXHIBIT C

ORDER SETTING RULE 16(b)/26(f) SCHEDULING CONFERENCE

1
2
3
4
5
6
7
8

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| Plaintiff's Name(s), | Case No.: _____ JAK ( x) |
|          Plaintiff(s), | |
|    vs. | **ORDER SETTING RULE 16(b)/26(f)** |
| Defendant's Name(s), | **SCHEDULING CONFERENCE** |
|         Defendant(s). | |

This case has been assigned to Judge John A. Kronstadt. This Order applies to all parties

in this action, whether or not they are represented by counsel. "Counsel," as used in this

Order, also refers to parties who are representing themselves. If plaintiff has not already

served the complaint (or any amendment thereto) on each defendant, plaintiff shall

promptly do so and file proofs of service within three (3) days thereafter. Defendant(s)

also shall timely serve and file their responsive pleadings and file proofs of service within

three (3) days thereafter.

The Court is prepared to issue a scheduling order in this matter. If a hearing is necessary,

the scheduling conference will be held on the date listed in the caption. The conference

will be held pursuant to Fed. R. Civ. P. 16 and Fed. R. Civ. P. 26(a). The parties are

reminded of their obligations under Fed. R. Civ. P. 26(a) to disclose information

(without awaiting a discovery request) and under Rule 26(f) to confer on a discovery plan not later than twenty–one (21) days prior to the scheduling conference and to file a report with the Court entitled "Joint Rule 16(b)/26(f) Report" not later than ten (10) calendar days before the date set for the scheduling conference. If a hearing is not necessary, a date for the scheduling conference will not be set. The caption of this Order will state that the hearing is taken under submission and a hearing will not be held. The date for the filing of the Joint Rule 16(b)/26(f) Report will be included. Please comply with these requirements; it will simplify the Scheduling Conference.

The Court encourages counsel to begin to conduct discovery actively before the Scheduling Conference. The Court encourages prompt, early discovery because at the Scheduling Conference the Court will set firm deadlines to complete discovery. The parties shall comply fully with the letter and spirit of Fed. R. Civ. P. 26(a) and thereby obtain and produce most of what would be produced in the early stage of discovery. Discovery is not stayed prior to the Scheduling Conference or after dates have been set unless otherwise ordered by the Court.

**1.    Joint Rule 16(b)/26(f) Report**

The Joint Rule 16(b)/26(f) Report shall be drafted by plaintiff's counsel (unless the parties agree otherwise or unless plaintiff is self-represented, in which case defendant's counsel), but shall be submitted and signed jointly. "Jointly" contemplates a single report, regardless of how many separately-represented parties there are. The Joint Rule 16(b)/26(f) Report shall report on all matters enumerated below, which include those required to be discussed by Rule 26(f) and Local Rule 26. The Joint Rule 16(b)/26(f) Report should set forth the following information under section headings corresponding to those in this Order:

a.    Statement of the Case:  A short synopsis (not to exceed two (2) pages) of the main claims, counterclaims, and affirmative defenses.

b.    Subject Matter Jurisdiction:  A statement of the specific basis of federal jurisdiction, including supplemental jurisdiction.

c.    <u>Legal Issues</u>:  A brief description of the key legal issues, including any unusual substantive, procedural or evidentiary issues.

d.    <u>Parties, and Non-Party Witnesses</u>:  A list of parties and percipient witnesses on the main issues in the case. For conflict purposes, corporate parties must identify all subsidiaries, parents and affiliates.

e.    <u>Damages</u>:  The realistic range of provable damages.

f.    <u>Insurance</u>:  Whether there is insurance coverage.

g.    <u>Motions</u>:  A statement of the likelihood of motions seeking to add other parties or claims, file amended pleadings or transfer venue.

h.    <u>Manual for Complex Litigation</u>:  Whether all or part of the procedures of the Manual for Complex Litigation should be utilized.

i.    <u>Status of Discovery</u>:  A discussion of the present state of discovery, including a summary of completed discovery.

j.    <u>Discovery Plan</u>:  A detailed discovery plan, as contemplated by Rule 26(f), including the identity of all anticipated deponents and dates by which their depositions are to be completed (if possible), anticipated written discovery requests, including requests for admission, document requests, and interrogatories, and a schedule for completion of all discovery. State what, if any, changes in the disclosures under Rule 26(a) should be made, the subjects on which discovery may be needed and whether discovery should be conducted in phases or limited in some manner, whether applicable limitations should be changed or other limitations imposed, and whether the Court should enter other orders. Please note that a statement to the effect that discovery will be conducted as to all claims and defenses, will not satisfy this requirement.

k.    <u>Discovery Cut-Off</u>:  A proposed discovery cut-off date. This means the final day for completion of non-expert discovery, including resolution of all discovery motions. The last day to hear discovery motions shall be the same as the last day to hear all motions. *See* Exhibit C-1.

\\\

l.    Expert Discovery:  Proposed dates for expert witness disclosures (initial and rebuttal) and expert discovery cut-off under Rule 26(a)(2).

m.    Dispositive Motions:  A description of the issues or claims that any party believes may be determined by motion for summary judgment or motion in limine.

n.    Settlement:  A statement of what settlement discussions or written communications have occurred (excluding any disclosure or discussion of the substantive matters or terms discussed) and a statement pursuant to Local Rule 16-15.4 about selecting a settlement mechanism under that Rule. In light of the Court's participation in the ADR Program, no case will proceed to trial unless all parties with full authority to settle the case - including, as to each corporate party, an officer who has such authority - have appeared personally at a settlement conference. The Court will discuss the proposed ADR procedure with the parties at the time of the Scheduling Conference and will issue the ADR-12 order once the settlement method is selected. For information about the Court's ADR Program, review General Order 11-10, which is located on the "ADR" page of the Court's website.

o.    Trial Estimate:  A realistic estimate of the time required for trial and whether trial will be by jury or by the Court. Each side should specify (by number, not by name) how many witnesses it contemplates calling. If the time estimate for trial given in the Joint Rule 26(f) Report exceeds five (5) court days, counsel shall be prepared to discuss in detail the estimate.

p.    Trial Counsel:  The name(s) of the attorney(s) who will try the case, including those who will be lead trial counsel.

q.    Independent Expert or Master:  Whether this is a case in which the Court should consider appointing a Master pursuant to Rule 53 or an independent scientific expert.

r.    Timetable: Please complete the Schedule of Pretrial and Trial Dates form attached as Schedule A to this Order (Exhibit C-1) and attach it to the Joint Rule 16(b)/26(f) Report. The entries in the "Weeks Before Trial" column reflect what the Court believes are appropriate for most cases and will allow the Court to rule on potentially dispositive motions sufficiently far in advance of the pretrial conference. The form is designed to

enable counsel to ask the Court to set different last dates by which the key requirements must be completed. Each side should fill in the month, day and year it requests for each event. *E.g.*, for the expert discovery cut-off it might be "10/7/16" for plaintiff and "10/28/16" for defendant, if they cannot agree. Each entry proposing a court date shall be on a Monday, except the trial date, which will be a Tuesday. Counsel should ensure that requested dates do not fall on a court holiday. At the conference, the Court will review this form with counsel in determining the dates that will be set in the case. The cut-off date for motions is the last date on which motions may be filed. The Court is not likely to continue this date. Counsel shall refer to the Court's "Order on Court/Jury Trial." *See* Exhibit D. This Order will set forth all pre-trial obligations of counsel, and, where applicable, the deadlines for each. Upon the Court's final ruling on all motions, counsel will be directed to submit proposed dates for the Final Pretrial Conference and trial.

s.      Other Issues:  A statement of any other issues affecting the status or management of the case (*e.g.*, unusually complicated technical or technological issues, disputes over protective orders, extraordinarily voluminous document production, non-English speaking witnesses, ADA-related issues, discovery in foreign jurisdictions) and any proposals concerning severance, bifurcation or other ordering of proof.

t.      Patent Cases:  Propose dates and methodology for claim construction and Markman hearings. *See* also Exhibit B.

u.      Whether the Parties Wish to Have a Magistrate Judge Preside:  Under 28 U.S.C. § 636, the parties may consent to have a Magistrate Judge preside over an entire action, not just discovery. *See* General Order 12-01 and General Order 12-02. The parties may select a Magistrate Judge from the Voluntary Consent List and comply with the requirements outlined in General Order 12-01 and General Order 12-02 and those outlined on the Court's website: http://www.cacd.uscourts.gov/judges-requirements/court-programs/voluntary-consent-list-civil-cases-magistrate-judges-program.

**2.      Scheduling Conference**

The Scheduling Conference will be held in Courtroom 10B of the First Street

Courthouse located at 350 W. First Street, Los Angeles, California. Counsel shall comply with the following with respect to the Scheduling Conference:

a.   <u>Participation</u>:  The lead trial attorney for each party shall attend the Scheduling Conference unless such counsel is engaged in trial, or has good cause following a request to the Clerk by either telephone or email in advance of the Scheduling Conference.

b.   <u>Continuance</u>:  A continuance of the Scheduling Conference will be granted only for good cause, following a written request with a proposed order to be e-filed at least one (1) week in advance of the Scheduling Conference.

c.   <u>Use of Conference Telephone</u>:  In general, the Court prefers in-person appearances. However, if one or more of the lead counsel has his or her office outside of Los Angeles County, or under other appropriate circumstances, the Court may, upon the request of one or more counsel, conduct the status conference by conference telephone call. Any request for a telephonic appearance must be made at least two (2) court days before the scheduled hearing by contacting the Courtroom Deputy Clerk for further instructions. The Court does not entertain a telephonic appearance if the Scheduling Conference is set at the same date and time as a motion unless it is an exceptional and unanticipated circumstance. Any request for a telephonic appearance at a motion hearing must be made in writing and e-filed at least seven (7) calendar days before the scheduled hearing and shall include a declaration from counsel setting forth the basis for the request with a proposed order. The Court does not use Court Call. If the request is granted, the order will include the information for the call. Please note that cell phones or the use of speaker phones are not permitted for any telephonic appearance.

**3.   <u>Protective Orders</u>**

If you seek a protective order, please use your best efforts to propose it to opposing counsel before the Scheduling Conference. Protective orders are considered discovery and shall be prepared and submitted to the assigned Magistrate Judge.

**4.   <u>Notice to be Provided by Counsel</u>**

Plaintiff's counsel or, if plaintiff is self-represented, defendant's counsel, shall serve

this Order on any parties who first appear after the date of this Order and to parties who are known to exist but have not yet entered appearances.

**5.     Disclosures to Clients**

Counsel are ordered to deliver to their respective clients a copy of this Order and of the Court's Scheduling and Case Management Order, which will set forth the schedule that the Court establishes at the Scheduling Conference.

**IT IS SO ORDERED.**

_____
JOHN A. KRONSTADT
UNITED STATES DISTRICT JUDGE

EXHIBIT C-1

SCHEDULE A TO ORDER SETTING RULE 16(b)/26(f) SCHEDULING CONFERENCE:

SCHEDULE OF PRETRIAL AND TRIAL DATES FOR:

1.  CIVIL CASES

2.  PATENT CASES

3.  ERISA CASES

4.  TRIAL DATES FOR ALL CASES

**EXHIBIT A – SCHEDULE OF PRETRIAL AND TRIAL DATES FOR CIVIL CASES**

| Case No.: | |
|---|---|
| Case Name: | |

| Deadlines: | Plaintiff(s) Request | Defendant(s) Request | Court Order |
|---|---|---|---|
| **Last Date to Add Parties/Amend Pleadings** | | | |
| **Non-Expert Discovery Cut-Off** | | | |
| **Expert Disclosure (Initial)** <br> *(2 weeks after non-expert discovery cut-off)* | | | |
| **Expert Disclosure (Rebuttal)** <br> *(4 weeks after non-expert discovery cut-off)* | | | |
| **Expert Discovery Cut-Off** <br> *(6 weeks after non-expert discovery cut-off)* | | | |
| **Last Date to File All Motions** (incl. discovery motions) <br> *(6 weeks after non-expert discovery cut-off)* | | | |
| **Settlement Procedure Selection:** <br> ***(ADR-12 Form will be completed by Court after scheduling conference)*** | Plaintiff(s) Request | Defendant(s) Request | Court Order |
| 1. Magistrate Judge <br> 2. Attorney Settlement Officer Panel <br> 3. Outside ADR/Non-Judicial (Private) | | | |
| **Last day to conduct settlement conference or mediation** | | | |
| **Notice of Settlement / Joint Report re Settlement** <br> *(First Friday following last day to conduct settlement conference or mediation)* | | | |
| **Post Mediation Status Conference** <br> *(10 days after due date to file notice of settlement / joint report re settlement: Mondays at 1:30 pm)* | | | |

**Note: If necessary, counsel will be invited to submit proposed dates with respect to the final pretrial conference and trial date upon the Court's final ruling on all motions. The trial estimate will be set at the final pretrial conference.**

**EXHIBIT A – SCHEDULE OF PRETRIAL AND TRIAL DATES FOR PATENT CASES**

| Case No.: | |
|---|---|
| Case Name: | |

| Deadlines: | Weeks After Listed Event | Plaintiff(s) Request | Defendant(s) Request | Court Order |
|---|---|---|---|---|
| Infringement Contentions (S.P.R. 2.1, 2.2) | 2 (After Order Setting Scheduling Conference) | | | |
| Early Meeting of the Parties, Initial Disclosures (S.P.R. 2.3) | 4 (After Order Setting Scheduling Conference) | | | |
| Joint Rule 26(f) Report (S.P.R. 2.3) | 10 days (Before Scheduling Conference Date) | | | |
| Scheduling Conference (S.P.R. 2.4) | [set by Court] | | | |
| Last Date to Add Parties/Amend Pleadings | | | | |
| Invalidity Contentions (S.P.R. 2.5, 2.6) | 2 (After Scheduling Conference) | | | |
| Exchange of Claim Terms (S.P.R. 3.1) | 4 (After Scheduling Conference) | | | |
| Exchange Proposed Constructions and Evidence (S.P.R. 3.2) | 6 (After Scheduling Conference) | | | |
| Complete Claim Construction Discovery (S.P.R. 3.3) | 10 (After Scheduling Conference) | | | |
| Joint Markman Prehearing Statement (S.P.R. 3.4) | 11 (After Scheduling Conference) | | | |
| Simultaneous Opening Markman Briefs (S.P.R. 3.5) | 12 (After Scheduling Conference) | | | |

46

| | | | | |
|---|---|---|---|---|
| Simultaneously Responding Markman Briefs, Tutorials, and Presentation Materials (S.P.R. 3.5) | 14 (After Scheduling Conference) | | | |
| Markman Hearing (S.P.R. 3.6) | 17 (After Scheduling Conference) | | | |
| Markman Decision | [set by Court] | | | |
| Patentee Files Final Infringement Contentions, Expert Reports on issues Where Patentee has Burden of Proof, All Parties File Advice of Counsel Disclosures (S.P.R. 4.1, 4.4) | 4 (After Markman Decision) | | | |
| Accused Infringer Files Final Invalidity Contentions, Rebuttal Expert Reports, and Opening Expert Reports Where Accused Infringer has Burden of Proof (S.P.R. 4.2) | 8 (After Markman Decision) | | | |
| Patentee's Rebuttal Expert Reports on Issues Where Accused Infringer has Burden of Proof (S.P.R. 4.3) | 12 (After Markman Decision) | | | |
| Discovery Cut-Off (S.P.R. 4.3) | 16 (After Markman Decision) | | | |
| Last Date to File All Motions (S.P.R. 4.5) | 20 (After Markman Decision) | | | |

**Note:  If necessary, counsel will be invited to submit proposed dates with respect to the final pretrial conference and trial date upon the Court's final ruling on all motions. The trial estimate will be set at the final pretrial conference.**

**\*\*CONTINUE TO NEXT PAGE FOR SETTLEMENT DATES\*\***

| Settlement Procedure Selection:<br>*(ADR-12 Form will be completed by Court after scheduling conference)* | Plaintiff(s) Request | Defendant(s) Request | Court Order |
|---|---|---|---|
| 1. Magistrate Judge<br>2. Attorney Settlement Officer Panel<br>3. Outside ADR/Non-Judicial (Private) | | | |
| **Last day to conduct settlement conference or mediation** | | | |
| **Notice of Settlement / Joint Report re Settlement**<br>*(First Friday following last day to conduct settlement conference or mediation)* | | | |
| **Post Mediation Status Conference**<br>*(10 days after due date to file notice of settlement / joint report re settlement: Mondays at 1:30 pm)* | | | |

**EXHIBIT A – SCHEDULE OF PRETRIAL AND TRIAL DATES FOR ERISA CASES**

| Case No.: | |
|---|---|
| Case Name: | |

| Hearings: | Plaintiff(s) Request | Defendant(s) Request | Court Order |
|---|---|---|---|
| **Last Date to Add Parties/Amend Pleadings:** | | | |
| **Simultaneous Opening Briefs:** | | | |
| **Simultaneous Responsive Briefs:** | | | |
| **Court Trial/Hearing on Administrative Record:** *(Tuesday at 9:00 a.m.)* <br><br> **Duration Estimate: ____ Days / ____ Weeks** | | | |
| **Settlement Procedure Selection:** *(ADR–12 Form will be completed by Court after scheduling conference)* | Plaintiff(s) Request | Defendant(s) Request | Court Order |
| 1. Magistrate Judge <br> 2. Attorney Settlement Officer Panel <br> 3. Outside ADR/Non-Judicial (Private) | | | |
| **Last day to conduct settlement conference or mediation** | | | |
| **Notice of Settlement / Joint Report re Settlement** *(First Friday following last day to conduct settlement conference or mediation)* | | | |
| **Post Mediation Status  Conference** *(10 days after due date to file notice of settlement / joint report re settlement: Mondays at 1:30 pm)* | | | |

49

**EXHIBIT A – SCHEDULE OF DATES FOR CIVIL JURY TRIALS** *(After Court has ruled on all motions)*

| Case No.: | |
|---|---|
| Case Name: | |

| Settlement Procedure Selection: | Plaintiff(s) Request | Defendant(s) Request | Court Order |
|---|---|---|---|
| 1. Magistrate Judge<br>2. Attorney Settlement Officer Panel<br>3. Outside ADR/Non-Judicial (Private) | | | |
| **Last day to conduct settlement conference or mediation**<br>*(within 30 days of the Court's final ruling on all motions)* | | | |
| **Notice of Settlement / Joint Report re Settlement**<br>*(1 week after last day to complete settlement)* | | | |

| Pretrial and Jury Trial Dates: | Plaintiff(s) Request | Defendant(s) Request | Court Order |
|---|---|---|---|
| **Last day to file all pretrial documents and motions in limine**<br>*(2 weeks after last day to complete settlement)* | | | |
| **Last day to file response to motions in limine**<br>*(3 weeks after last day to complete settlement)* | | | |
| **Final Pretrial Conference, Status Conference re Disputed Exhibits, and Hearing on Motions in Limine**<br>*(4 weeks after last day to complete settlement: Monday at 1:30 pm)* | | | |
| **Jury Trial**<br>*(6 weeks after last day to complete settlement: Tuesday at 9:00 a.m.)*<br><br>Duration Estimate: _____ Days / _____ Weeks | | | |

**EXHIBIT A – SCHEDULE OF DATES FOR CIVIL COURT TRIALS** *(After Court has ruled on all motions)*

| Case No.: | |
|---|---|
| Case Name: | |

| Settlement Procedure Selection: | Plaintiff(s) Request | Defendant(s) Request | Court Order |
|---|---|---|---|
| 1. Magistrate Judge<br>2. Attorney Settlement Officer Panel<br>3. Outside ADR/Non-Judicial (Private) | | | |
| **Last day to conduct settlement conference or mediation**<br>*(within 30 days of the Court's final ruling on all motions)* | | | |
| **Notice of Settlement / Joint Report re Settlement**<br>*(1 week after last day to complete settlement)* | | | |

| Pretrial and Jury Trial Dates: | Plaintiff(s) Request | Defendant(s) Request | Court Order |
|---|---|---|---|
| **Last day to file all pretrial documents and direct testimony declarations**<br>*(2 weeks after last day to complete settlement)* | | | |
| **Last day to file objections to direct testimony declarations**<br>*(3 weeks after last day to complete settlement)* | | | |
| **Anticipated ruling on direct testimony declarations**<br>*(4 weeks after last day to complete settlement)* | | | |
| **Final Pretrial Conference and Status Conference re Disputed Exhibits**<br>*(4 weeks after last day to complete settlement: Monday at 1:30 pm)* | | | |
| **Court Trial**<br>*(6 weeks after last day to complete settlement: Tuesday at 9:00 a.m.)*<br><br>Duration Estimate: _____ Days / _____ Weeks | | | |

EXHIBIT D

ORDER RE JURY/COURT TRIAL FOR CASES ASSIGNED TO JUDGE JOHN A. KRONSTADT

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| Plaintiff's Name(s),<br><br>　　　　　Plaintiff(s),<br><br>　　vs.<br><br>Defendant's Name(s),<br><br>　　　　　Defendant(s). | Case No.: _____ JAK ( x)<br><br>**ORDER RE JURY/COURT TRIAL FOR CASES ASSIGNED TO JUDGE JOHN A. KRONSTADT** |

**A. SCHEDULING**

　　**1. In General:** The last day for hearing on any motion to join other parties or to amend the pleadings shall be specified in the Scheduling Order. All unserved parties shall be dismissed no later than the date set for the Final Pretrial Conference.

　　**2. Motions for Summary Judgment or Partial Summary Judgment:** Motions for Summary Judgment or Partial Summary Judgment shall be heard no later than the last day for hearing motions, as set forth in the Scheduling Order.

　　**3. Settlement Procedures:** It is the policy of the Court to encourage disposition of civil litigation by settlement when such is in the best interest of the parties. The Court any favors reasonable means to accomplish this goal. Pursuant to Local Rule 16-15, in every civil case, the parties shall select a settlement procedure. If counsel have received a Notice to Parties of Court-Directed ADR Program (Form ADR-08), the case presumptively

will be referred to the Court Mediation Panel or to private mediation. *See* General Order 11-10, § 5.1 and Local Rule 26-1(c). The Court will discuss the proposed ADR procedure with the parties at the time of the Scheduling Conference and will issue the ADR-12 form once the settlement method is selected. For information about the Court's ADR Program, review General Order 11-10, which is located on the "ADR" page of the Court's website.

**4. Discovery Cut-Off:** The Scheduling Order establishes a cut-off date for discovery in this action. This is not the date by which discovery requests must be served; it is the date by which all discovery is to be completed. The Court will not approve stipulations between counsel that permit responses to be served after the cut-off date, except in extraordinary circumstances.

**5. Discovery Motions:** Any motion with respect to the inadequacy of responses to discovery must be heard by the date set for the last day to hear motions. Whenever possible, the Court expects counsel to resolve discovery issues among themselves in a courteous, reasonable and professional manner. Thus, the Court expects that counsel will strictly adhere to the Civility and Professional Guidelines adopted by the United States District Court for the Central District of California.

**B. FINAL PRETRIAL CONFERENCE**

This case has been placed on the calendar for a Final Pretrial Conference pursuant to Fed. R. Civ. P. 16. Strict compliance with the requirements of the Federal Rules of Civil Procedure and the Local Rules is mandatory. Counsel shall file carefully prepared Memoranda of Contentions of Fact and Law (which may also serve as the parties' respective trial briefs) and a Final Pretrial Conference Order in accordance with the provisions of Local Rules 16-4 and 16-7. The Memoranda of Contentions of Fact and Law will be served no later than twenty-one (21) days before the Pretrial Conference. The Final Pretrial Conference Order will be lodged no later than fourteen (14) days before the Final Pretrial Conference. The form of the Final Pretrial Conference Order will be in the form set forth in Appendix A to the Local Rules.

\\\

**C. PREPARATION FOR TRIAL**

The Court ORDERS that all counsel comply with the following rules in their preparation for trial:

**1. Motions In Limine:** All motions in limine will be heard at the Final Pretrial Conference. The purpose of these motions is to alert the Court to significant evidentiary issues that can be addressed and resolved prior to trial. All motions in limine must be e-filed fourteen (14) calendar days before the Final Pretrial Conference and served in compliance with Local Rule 6-1. Any oppositions shall be e-filed no later than seven (7) calendar days before the Final Pretrial Conference and not exceed ten (10) pages. The Court will permit oral argument on motions in limine and, therefore, a reply is not required. A proposed order is not required to be e-filed with the motion(s).

**2. Statement of the Case (Jury Trials):** Counsel shall meet and confer twenty-one (21) calendar days prior to the Final Pretrial Conference to determine if, in lieu of a Joint Statement of the Case, they will stipulate to having each side make a brief (less than five minute) mini-opening statement to the panel of prospective jurors prior to the commencement of voir dire. Such mini-opening statements are not to be argument, but rather a summary of the evidence that each side intends to present. If all parties do not stipulate to the use of mini-opening statements, they shall meet and confer and seek to reach agreement on a Joint Statement of the Case to be read by the Court to the panel of prospective jurors prior to the commencement of voir dire. Counsel shall file the joint statement of the case no later than fourteen (14) calendar days prior to the Final Pretrial Conference. If the parties cannot agree on such a joint statement, they shall file a "Disputed Joint Statement of the Case," which shall include each party's respective proposed statement, together with a "redline" comparing the parties' respective statements. The parties shall deliver a courtesy copy pursuant to Local Rule 5-4.5. A final version of the joint statement shall be provided to the Court on the first day of trial.

**3. Voir Dire (Jury Trials):** Counsel may submit proposed voir dire questions that are unique to the particular trial. Each party may submit their respective questions fourteen

(14) calendar days prior to the Final Pretrial Conference.

**4.  Witness Lists:**  A witness list shall be prepared in compliance with Local Rule 16-5 and shall be filed no later than fourteen (14) calendar days prior to the Final Pretrial Conference. Counsel shall submit the names of the witnesses in the order that they are expected to testify, and will provide, to the extent possible, an accurate estimate of the time needed for each witness for direct, cross, redirect and re-cross. Counsel will also provide a brief summary of each witness' testimony. If more than one witness is offered on the same subject, the summary should be sufficiently detailed to allow the Court to determine if the testimony is cumulative.

Counsel shall set forth the information about the amount of time that is expected for the testimony of each witness on a jointly-prepared document with five columns: (i) name of the witness; (ii) estimated time for direct examination (in hours, with portions thereof stated in decimal form, *e.g.*, "1.5 hours," if the estimate is for one hour and 30 minutes); (iii) estimated time for cross-examination; (iv) estimated time for re-direct examination; and (v) total time for the witness. At the bottom of each page the total time for all witnesses on that page shall be stated, with the grand total of all time stated on the final page of the chart.

At the time of trial, counsel shall provide three (3) copies of the witness lists in the order in which the witnesses will be called to testify and three (3) copies of witness lists in alphabetical order.

**5.  Jury Instructions:**  In a jury trial, jury instructions are to be filed no later than fourteen (14) calendar days prior to the Final Pretrial Conference. The parties shall make every attempt to agree upon jury instructions before submitting proposals to the Court. The Court prefers Ninth Circuit model instructions. Counsel shall exchange proposed jury instructions (general and special) twenty-eight (28) calendar days prior to the Final Pretrial Conference. Counsel shall exchange any objections to the instructions twenty-one (21) calendar days prior to the Final Pretrial Conference. Counsel shall meet and confer with the goal of reaching an agreement on one set of joint jury instructions, which shall be

filed no later than fourteen (14) calendar days before the Final Pretrial Conference. If the parties disagree over any proposed jury instruction(s), the parties shall file: (i) one set of proposed jury instructions to which all parties agree; and (ii) one set of disputed jury instructions, which shall include a "redline" of any disputed language and/or the factual or legal basis for each party's respective position as to each disputed instruction. Where appropriate, the disputed instructions shall be organized by subject, so that the instructions that address the same or similar issues are presented sequentially. The parties shall deliver a courtesy copy of these documents pursuant to Local Rule 5-4.5. A final "clean" version of the jury instructions, which shall include the pre-instructions and the text of each instruction (eliminating titles, supporting authority, indication of party proposing, etc.) shall be provided to the Court on the first day of trial and sent via email in either Word or Word Perfect to the Court's Chambers' email at: jak_chambers@cacd.uscourts.gov.

**6. Verdict Form(s) in Jury Trials:** The parties shall make every attempt to agree upon a verdict form before submitting proposals to the Court. Counsel shall file a proposed verdict form(s) no later than fourteen (14) calendar days prior to the Final Pretrial Conference. If the parties are unable to agree on a verdict form, the parties shall file one document titled "Competing Verdict Forms" which shall include: (i) the parties' respective proposed verdict form; (ii) a "redline" of any disputed language; and (iii) the factual or legal basis for each party's respective position if the entire form is being disputed. The parties shall deliver a courtesy copy of these documents pursuant to Local Rule 5-4.5. A final version of the verdict form shall be provided to the Court on the first day of trial and sent via email in either Word or Word Perfect to the Court's Chambers' email at: jak_chambers@cacd.uscourts.gov.

**7. Exhibits:**

   **a.      Exhibit List:** A joint exhibit list will be prepared in compliance with the example below and Local Rule 16-6.

\\\

\\\

| **JOINT EXHIBIT LIST** | | | | | |
|---|---|---|---|---|---|
| Case Name: | | | | | |
| Case Number: | | | | | |
| No. of Exhibit | Description | Stip. to Authen. | Stip. to Admiss. | Date Identified | Date Admitted |
| | | | | | |

Lead trial counsel shall meet and confer at least twenty-one (21) calendar days before the Final Pretrial Conference to discuss and seek to agree, to the extent possible, on issues including foundation, and admissibility of proposed exhibits. A joint exhibit list, the format of which shall comply with Local Rule 16-6.1, shall be filed fourteen (14) calendar days prior to the Final Pretrial Conference. Counsel shall file a "Notice of Disputed Exhibits," if applicable, which shall set forth the basis for any disputed exhibit(s). Counsel shall confer so that there are no duplicate exhibits.

**b.      Exhibit Preparation:**  One (1) original (witness copy) and one (1) copy (bench copy) shall be presented to the Courtroom Deputy Clerk on the first day of trial. The exhibits shall be presented in a binder. Each binder shall be clearly labeled on the spine to include the case name, party and volume number. The Court does not require specific exhibit tags so long as each document is bate-stamped and separated with a divider that is numbered. Each party shall use a different number sequence and shall comply with Local Rule 26-3.

**c.      Voluminous Trial Exhibits/Materials**: Arrangements for bringing voluminous trial materials or exhibits into the Courtroom through the Building Vehicle Loading Dock, if required, may be made through the Space & Facilities Help Desk at 213-894-1400. Before contacting Space & Facilities for a required security pass, prior approval of delivery time must be coordinated with the Courtroom Deputy Clerk. Once approval from the Clerk is received, logistical delivery information must be provided to Space & Facilities no later than 48 hours of the date of arrival to create and issue the required security pass. Counsel and messengers attempting to access the building parking

and loading dock without a required pass will be denied entry.

**8. (Court Trials): Findings of Fact and Conclusions of Law; Declarations:**
For any matter requiring findings of fact and conclusions of law, counsel for each party shall lodge and serve proposed findings of fact and conclusions of law as promptly as possible in compliance with Local Rule 52. In addition, counsel must submit electronic versions (in Word or Word Perfect) to the Court at the following email address: jak_chambers@cacd.uscourts.gov. When ordered by the Court in a particular case, each party shall, at least twenty-one (21) calendar days prior to the Final Pretrial Conference, file declarations containing the direct testimony of each witness whom that party intends to call at trial. If such declarations are filed, each party shall file any evidentiary objections to the declaration(s) submitted by any other party at least fourteen (14) calendar days prior to the Final Pretrial Conference. If any party submits such objections, they shall be submitted in the following three-column format: (i) the left column should contain a verbatim quote of each statement objected to (including page and line number); (ii) the middle column should set forth a concise objection (*e.g.*, hearsay, lacks foundation, etc.) with a citation to the Federal Rules of Evidence or, where applicable, a case citation; and (iii) the right column should provide space for the Court's entry of its ruling on the objection. The Court anticipates issuing its ruling on the objections the same date as the date scheduled for the Final Pretrial Conference. Counsel shall refer to the Court's Initial Standing Order and Exhibit F for the proper format.

**9. <u>Notice to Court Reporter re Uncommon and/or Scientific Terms</u>:** At least one week before trial, the parties must confer and file a glossary of terms for the court reporter that includes applicable medical, scientific, or technical terms, gang terms, slang, the names and spellings of names likely to be cited, and any other case-specific terminology.

**D. <u>ATTORNEY AND PARTY CONDUCT AT TRIAL</u>**

**1. <u>Trial Schedule</u>:** Trials are generally conducted Tuesday through Friday. The Court will adopt a particular time schedule on a case-by-case basis. In general,

the schedule will be either: (i) from 8:30 a.m. to 2:30 p.m. with two or three 20-minute

breaks; or (ii) from 9:00 a.m. to 4:00 p.m., with a 15-minute break in both the morning and

the afternoon, and a one-hour lunch break. This schedule may be changed for each trial

and during each trial depending on the scheduling needs of jurors, witnesses, counsel

or the Court.

      2.  **Trial Conduct**:

          a.     **Jury Selection**

             1.  The Court will seat as prospective jurors the same number

of jurors who will serve at trial. The Court will conduct voir dire of this panel, which may

include questions proposed by counsel both prior to trial and during the voir dire process.

After any potential juror is excused for cause, a replacement juror will be placed in the

vacant seat and will respond to voir dire. Once a panel is in place to which there are no

remaining or unadjudicated "for cause" challenges, counsel for each side will be permitted

to exercise their respective peremptory challenge(s) through the Court. Upon the exercise

of a peremptory challenge, a replacement juror will be seated, will respond to voir dire and

will be subject to a "for cause" challenge before any remaining peremptory challenge is

exercised.

          b.     **Opening Statements, Examining Witnesses, and Summation**

             1.  At the end of each day, counsel presenting his or her case

shall advise opposing counsel of the witnesses expected to testify the following day with

an estimate of the length of direct examination for each witness. Opposing counsel shall

provide an estimate of the length of cross-examination for each witness. Cooperation

of counsel will ensure an efficient trial process. It is the responsibility of all counsel to

arrange the appearance of witnesses in order to avoid delay.

             2.  Opening statements, examination of witnesses and

summation will be from the lectern only. Counsel should not spend an unreasonable

amount of time writing out words or drawing charts or diagrams. Counsel may do so in

advance and explain that the item was prepared earlier to save time as ordered by the

Court.

3. The Court will honor reasonable time estimates for opening and closing presentations to the jury.

4. In jury trials, where a party has more than one lawyer, only one may conduct the direct or cross-examination of a given witness.

5. If a witness is on the stand when a recess is taken, it is counsel's duty to have the witness back on the stand, ready to proceed, when the trial resumes.

6. If a witness was on the stand at adjournment, it is counsel's duty to have the witness adjacent to, but not on, the stand, ready to proceed when the trial resumes.

7. It is counsel's duty to notify the Courtroom Deputy Clerk in advance if any witness should be accommodated in an appropriate manner due to any disability or other physical need.

8. The Court attempts to accommodate physicians, scientists and all other professional witnesses and will, except in extraordinary circumstances, permit them to testify out of order. The Court may do the same with respect to non-party witnesses who have work or family commitments. Counsel must anticipate any such possibility and discuss it with opposing counsel. If there is objection to having a particular witness called out of order, counsel shall confer with the Court in advance.

**c.      Objections and General Decorum**

1. When objecting, counsel must stand to state the objection and state only that counsel objects and the legal ground for objection. If counsel wishes to argue an objection further, counsel must ask for permission to do so; the Court may or may not grant a request for conference at sidebar. The Court strongly discourages the excessive use of sidebars because this is inefficient. Instead, evidentiary issues should be anticipated in advance of trial and should be addressed through motions in limine and/or in connection with the rulings on exhibits.

2. Counsel must not approach the Courtroom Deputy Clerk or the witness stand without permission. When permission is given, counsel shall return to the lectern when the task has been completed. Counsel must not engage in questioning a witness at the witness stand absent specific approval by the Court.

3. Counsel must address all remarks to the Court. Counsel are not to address the Courtroom Deputy Clerk, the Reporter, persons in the audience, or opposing counsel. If counsel wishes to speak with opposing counsel, counsel must ask permission to talk off the record. Any request for the re-reading of questions or answers shall be addressed to the Court, not to the court reporter.

4. Counsel must not make an offer of stipulation unless counsel already has conferred with opposing counsel and has reason to believe the stipulation will be acceptable.

5. On the first day of trial counsel shall advise the Court of any commitments that may result in counsel's absence or late arrival on any day of the trial.

**d.    Exhibits**

1. Each counsel should keep counsel's own list of exhibits and should keep track of when each has been admitted in evidence.

2. Each counsel is responsible for any exhibits that counsel secures from the Courtroom Deputy Clerk and, during all recesses and noontime and afternoon adjournments, counsel must return all exhibits in counsel's possession to the Courtroom Deputy Clerk.

3. An exhibit not previously marked should, at the time of its first mention, be accompanied by a request that the Courtroom Deputy Clerk mark it for identification. To save time, counsel must show a new exhibit to opposing counsel before it is mentioned in Court.

4. Counsel should move exhibits into evidence as soon as admissibility is established, while they are freshly in the minds of all participants. If there is an objection, the motion to admit will be dealt with at the next available recess. In jury

trials, no exhibit shall be read or displayed to the jury until admitted absent a pre-trial

stipulation by counsel or a ruling by the Court.

5.  Absent unusual circumstances, counsel must not ask

witnesses to draw charts or diagrams nor ask the Court's permission for a witness to do

so. If counsel wishes to question a witness in connection with graphic aids, the material

must be fully prepared before the court session starts.

**e.**      **Depositions**

1.  All depositions that will be used in the trial, either as evidence

or for impeachment, must be signed and lodged with the Courtroom Deputy Clerk on the

first day of trial or such earlier date as the Court may order. For any deposition in which

counsel is interested, counsel should check with the Courtroom Deputy Clerk to confirm

that the Courtroom Deputy Clerk has the transcript and that the transcript is properly

signed.

2.  In using depositions for impeachment, counsel shall first

announce both the beginning and ending page and line references of the passage desired

to be read, and allow opposing counsel an opportunity to state any objection.  If an

objection is made, counsel shall await a ruling before proceeding. In addition, counsel

who has not requested the reading shall advise the Court whether counsel requests

a ruling as to any objection(s) made on the record or reserved during the deposition

testimony at issue. In reading deposition testimony, counsel shall use one of the following

procedures:

a. If counsel wishes to read the questions and answers

as alleged impeachment and ask the witness no further questions on that subject, counsel

may merely read the relevant portions of the deposition into the record.

b. If counsel wishes to ask the witness further questions

on the subject matter (this does not include a question whether the witness's testimony

has changed between deposition and trial) the deposition is placed in front of the witness

and the witness is told to read silently the pages and lines involved. Then counsel may

1  either ask the witness further questions on the matter and thereafter read the quotations

2  or read the quotations and thereafter ask further questions. Counsel should have an extra

3  copy of the deposition for this purpose.

4              3.  Where a witness is absent and the witness' testimony is

5  offered by deposition, please observe the following procedure. A reader should occupy

6  the witness chair and read the testimony of the witness while the examining lawyer asks

7  the questions.

8              **f.**      **Advance Notice of Evidentiary or Difficult Questions**

9              1.  If during trial, counsel has reason to anticipate that a difficult

10  and unexpected question of law or evidence will raise legal argument, requiring research

11  and/or briefing, counsel must give the Court advance notice. Counsel are directed to

12  notify the Courtroom Deputy Clerk at the day's adjournment if an unexpected legal issue

13  arises that could not have been foreseen and addressed by a motion in limine (*see* Fed.

14  R. Evid. 103). To the maximum extent possible, such matters shall be taken outside

15  normal trial hours (*e.g.*, recess, before or after the trial day).

16  **IT IS SO ORDERED.**

17                                                  _____
                                                    JOHN A. KRONSTADT
18                                                  UNITED STATES DISTRICT JUDGE

19

20

21

22

23

24

25

26

27

28

EXHIBIT E

STANDING PROTECTIVE ORDER FOR PATENT CASES
ASSIGNED TO JUDGE JOHN A. KRONSTADT

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| Plaintiff's Name(s),<br><br>            Plaintiff(s),<br><br>       vs.<br><br>Defendant's Name(s),<br><br>            Defendant(s). | Case No.: _____ JAK ( x)<br><br>**STANDING PROTECTIVE ORDER FOR PATENT CASES ASSIGNED TO JUDGE JOHN A. KRONSTADT** |

**NOTE:  SUBMISSION OF A DOCUMENT APPEARING TO BE THIS FORM SHALL BE A CERTIFICATION THAT IT IS THIS FORM UNLESS CLEARLY NOTED OTHERWISE IN THE TITLE ABOVE WITH THE WORD "(MODIFIED)."  COUNSEL SHALL ADHERE TO THE ASSIGNED MAGISTRATE JUDGE'S REQUIREMENTS WITH RESPONSE TO THE PREPARATION OF PROTECTIVE ORDERS FOR ALL NON-PATENT CASES.**

1.        <u>**PURPOSE AND LIMITS OF THIS ORDER**</u>

Discovery in this action is likely to involve confidential, proprietary or private information requiring special protection from public disclosure and from use for any purpose other than this litigation. Thus, the Court enters this Protective Order. This Order does not confer blanket protections on all disclosures or responses to discovery, and the protection it gives from public disclosure and use extends only to the specific material

entitled to confidential treatment under the applicable legal principles. This Order does not automatically authorize the filing under seal of material designated under this Order. Instead, the parties must comply with Local Rule 7-5.1 and this Order if they seek to file anything under seal. This Order does not govern the use at trial of material designated under this Order.

**2.      DESIGNATING PROTECTED MATERIAL**

**2.1      Over-Designation Prohibited**. Any party or non-party who designates information or items for protection under this Order as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL - ATTORNEY EYES ONLY," or "HIGHLY CONFIDENTIAL - SOURCE CODE" (a "designator") must only designate specific material that qualifies under the appropriate standards. To the extent practicable, only those parts of documents, items or oral or written communications that require protection shall be designated. Designations with a higher confidentiality level when a lower level would suffice are prohibited. Mass, indiscriminate, or routinized designations are prohibited. Unjustified designations expose the designator to sanctions, including the Court's striking all confidentiality designations made by that designator. Designation under this Order is allowed only if the designation is necessary to protect material that, if disclosed to persons not authorized to view it, would cause competitive or other recognized harm. Material may not be designated if it has been made public, or if designation is otherwise unnecessary to protect a secrecy interest. If a designator learns that information or items that it designated for protection do not qualify for protection at all or do not qualify for the level of protection initially asserted, that designator must promptly notify all parties that it is withdrawing the mistaken designation.

**2.2      Manner and Timing of Designations**. Designation under this Order requires the designator to affix the applicable legend ("CONFIDENTIAL," "HIGHLY CONFIDENTIAL - ATTORNEY EYES ONLY," or "HIGHLY CONFIDENTIAL - SOURCE CODE") to each page that contains protected material. For testimony given in deposition or other proceeding, the designator shall specify all protected testimony and the level

of protection being asserted. It may make that designation during the deposition or proceeding, or may invoke, on the record or by written notice to all parties on or before the next business day, a right to have up to 21 days from the deposition or proceeding to make its designation.

**2.2.1** A party or non-party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting party has identified which material it would like copied and produced. During the inspection and before the designation, all material shall be treated as HIGHLY CONFIDENTIAL - ATTORNEY EYES ONLY. After the inspecting party has identified the documents it wants copied and produced, the producing party must designate the documents, or portions thereof, that qualify for protection under this Order.

**2.2.2** Parties shall give advance notice if they expect a deposition or other proceeding to include designated material so that the other parties can ensure that only authorized individuals are present at those proceedings when such material is disclosed or used. The use of a document as an exhibit at a deposition shall not in any way affect its designation. Transcripts containing designated material shall have a legend on the title page noting the presence of designated material, and the title page shall be followed by a list of all pages (including line numbers as appropriate) that have been designated, and the level of protection being asserted. The designator shall inform the court reporter of these requirements. Any transcript that is prepared before the expiration of the 21–day period for designation shall be treated during that period as if it had been designated HIGHLY CONFIDENTIAL - ATTORNEY EYES ONLY unless otherwise agreed. After the expiration of the 21-day period, the transcript shall be treated only as actually designated.

**2.3** **Inadvertent Failures to Designate**. An inadvertent failure to designate does not, standing alone, waive protection under this Order. Upon timely assertion or correction of a designation, all recipients must make reasonable efforts to ensure that the material is treated according to this Order.

\\\

**3.**     <u>**CHALLENGING CONFIDENTIALITY DESIGNATIONS**</u>

All challenges to confidentiality designations shall proceed under Local Rule 37-1 through Local Rule 37-4.

**4.**     <u>**ACCESS TO DESIGNATED MATERIAL**</u>

**4.1**     **Basic Principles**. A receiving party may use designated material only for this litigation. Designated material may be disclosed only to the categories of persons and under the conditions described in this Order.

**4.2**     **Disclosure of CONFIDENTIAL Material Without Further Approval**. Unless otherwise ordered by the Court or permitted in writing by the designator, a receiving party may disclose any material designated CONFIDENTIAL only to:

**4.2.1**     The receiving party's outside counsel of record in this action and employees of outside counsel of record to whom disclosure is reasonably necessary;

**4.2.2**     The officers, directors, and employees of the receiving party to whom disclosure is reasonably necessary, and who have signed the Agreement to Be Bound (Exhibit E-1);

**4.2.3**     Experts retained by the receiving party's outside counsel of record to whom disclosure is reasonably necessary, and who have signed the Agreement to Be Bound (Exhibit E-1);

**4.2.4**     The Court and its personnel;

**4.2.5**     Outside court reporters and their staff, professional jury or trial consultants, and professional vendors to whom disclosure is reasonably necessary, and who have signed the Agreement to Be Bound (Exhibit E-1);

**4.2.6**     During their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the Agreement to Be Bound (Exhibit E-1); and

**4.2.7**     The author or recipient of a document containing the material, or a custodian or other person who otherwise possessed or knew the information.

**4.3**     **Disclosure of HIGHLY CONFIDENTIAL - ATTORNEY EYES ONLY and HIGHLY CONFIDENTIAL - SOURCE CODE Material Without Further Approval**.

Unless permitted in writing by the designator, a receiving party may disclose material designated HIGHLY CONFIDENTIAL - ATTORNEY EYES ONLY or HIGHLY CONFIDENTIAL - SOURCE CODE without further approval only to:

**4.3.1** The receiving party's outside counsel of record in this action and employees of outside counsel of record to whom it is reasonably necessary to disclose the information;

**4.3.2** The Court and its personnel;

**4.3.3** Outside court reporters and their staff, professional jury or trial consultants, and professional vendors to whom disclosure is reasonably necessary, and who have signed the Agreement to Be Bound (Exhibit E-1); and

**4.3.4** The author or recipient of a document containing the material, or a custodian or other person who otherwise possessed or knew the information.

**4.4** **Procedures for Approving or Objecting to Disclosure of HIGHLY CONFIDENTIAL - ATTORNEY EYES ONLY or HIGHLY CONFIDENTIAL - SOURCE CODE Material to In-House Counsel or Experts**. Unless agreed to in writing by the designator:

**4.4.1** A party seeking to disclose to in–house counsel any material designated HIGHLY CONFIDENTIAL - ATTORNEY EYES ONLY must first make a written request to the designator providing the full name of the in-house counsel, the city and state of such counsel's residence, and such counsel's current and reasonably foreseeable future primary job duties and responsibilities in sufficient detail to determine present or potential involvement in any competitive decision-making. In-house counsel are not authorized to receive material designated HIGHLY CONFIDENTIAL - SOURCE CODE.

**4.4.2** A party seeking to disclose to an expert retained by outside counsel of record any information or item that has been designated HIGHLY CONFIDENTIAL - ATTORNEY EYES ONLY or HIGHLY CONFIDENTIAL - SOURCE CODE must first make a written request to the designator that (1) identifies the general categories of HIGHLY CONFIDENTIAL - ATTORNEY EYES ONLY or HIGHLY CONFIDENTIAL - SOURCE

CODE information that the receiving party seeks permission to disclose to the expert, (2) sets forth the full name of the expert and the city and state of his or her primary residence, (3) attaches a copy of the expert's current resume, (4) identifies the expert's current employer(s), (5) identifies each person or entity from whom the expert has received compensation or funding for work in his or her areas of expertise (including in connection with litigation) in the past five years, and (6) identifies (by name and number of the case, filing date, and location of court) any litigation where the expert has offered expert testimony, including by declaration, report or testimony at deposition or trial, in the past five years. If the expert believes any of this information at (4) - (6) is subject to a confidentiality obligation to a third party, then the expert should provide whatever information the expert believes can be disclosed without violating any confidentiality agreements, and the party seeking to disclose the information to the expert shall be available to meet and confer with the designator regarding any such confidentiality obligations.

**4.4.3**        A party that makes a request and provides the information specified in paragraphs 4.4.1 or 4.4.2 may disclose the designated material to the identified in-house counsel or expert unless, within seven days of delivering the request, the party receives a written objection from the designator providing detailed grounds for the objection.

**4.4.4**        All challenges to objections from the designator shall proceed under Local Rule 37-1 through Local Rule 37-4.

**5.**        **SOURCE CODE**

**5.1**        **Designation of Source Code**. If production of source code is necessary, a party may designate it as HIGHLY CONFIDENTIAL - SOURCE CODE if it is, or includes, confidential, proprietary, or trade secret source code.

**5.2**        **Location and Supervision of Inspection**. Any HIGHLY CONFIDENTIAL - SOURCE CODE produced in discovery shall be made available for inspection, in a format allowing it to be reasonably reviewed and searched, during normal

business hours or at other mutually agreeable times, at an office of the designating party's counsel or another mutually agreeable location. The source code shall be made available for inspection on a secured computer in a secured room, and the inspecting party shall not copy, remove or otherwise transfer any portion of the source code onto any recordable media or recordable device. The designator may visually monitor the activities of the inspecting party's representatives during any source code review, but only to ensure that there is no unauthorized recording, copying or transmission of the source code.

**5.3** **Paper Copies of Source Code Excerpts**. The inspecting party may request paper copies of limited portions of source code that are reasonably necessary for the preparation of court filings, pleadings, expert reports, other papers or for deposition or trial. The designator shall provide all such source code in paper form, including Bates numbers and the label "HIGHLY CONFIDENTIAL - SOURCE CODE."

**5.4** **Access Record**. The inspecting party shall maintain a record of any individual who has inspected any portion of the source code in electronic or paper form, and shall maintain all paper copies of any printed portions of the source code in a secured, locked area. The inspecting party shall not convert any of the information contained in the paper copies into any electronic format other than for the preparation of a pleading, exhibit, expert report, discovery document, deposition transcript, or other Court document. Any paper copies used during a deposition shall be retrieved at the end of each day and must not be left with a court reporter or any other unauthorized individual.

**6.** **PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION**

**6.1** **Subpoenas and Court Orders**. This Order in no way excuses non-compliance with a lawful subpoena or court order. The purpose of the duties described in this section is to alert the interested parties to the existence of this Order and to give the designator an opportunity to protect its confidentiality interests in the court where the subpoena or order issued.

\\\

**6.2** **Notification Requirement**. If a party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items received by that party in this action and designated in this action as CONFIDENTIAL, HIGHLY CONFIDENTIAL - ATTORNEY EYES ONLY, or HIGHLY CONFIDENTIAL - SOURCE CODE, that party must do the following.

**6.2.1** Promptly notify the designator in writing. Such notification shall include a copy of the subpoena or court order.

**6.2.2** Promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Order. Such notification shall include a copy of this Order.

**6.2.3** Cooperate with all reasonable procedures sought by the designator whose material may be affected.

**6.3** **Wait For Resolution of Protective Order**. If the designator promptly seeks a protective order, the party served with the subpoena or court order shall not produce any information designated in this action as CONFIDENTIAL, HIGHLY CONFIDENTIAL - ATTORNEY EYES ONLY or HIGHLY CONFIDENTIAL - SOURCE CODE before a determination by the court where the subpoena or order issued, unless the party has obtained the designator's permission. The designator shall bear the burden and expense of seeking protection of its confidential material in that court.

**7.** **UNAUTHORIZED DISCLOSURE OF DESIGNATED MATERIAL**

If a receiving party learns that, by inadvertence or otherwise, it has disclosed designated material to any person or in any circumstance not authorized under this Order, it must immediately (1) notify in writing the designator of the unauthorized disclosures, (2) use its best efforts to retrieve all unauthorized copies of the designated material, (3) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (4) use reasonable efforts to have such person or persons execute the Agreement to Be Bound (Exhibit E-1).

\\\

**8.** **INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL**

When a producing party gives notice that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the receiving parties are those set forth in Fed. R. Civ. P. 26(b)(5)(B). This provision is not intended to modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege review pursuant to Fed. R. Evid. 502(d) and (e).

**9.** **FILING UNDER SEAL**

Without written permission from the designator or a Court order, a party may not file in the public record in this action any designated material. A party seeking to file under seal any designated material must comply with Local Rule 79-5. Filings may be made under seal only pursuant to a court order authorizing the sealing of the specific material at issue. The fact that a document has been designated under this Order is insufficient to justify filing under seal. Instead, parties must explain the basis for confidentiality of each document sought to be filed under seal. Because a party other than the designator will often be seeking to file designated material, cooperation between the parties in preparing, and in reducing the number and extent of, requests for under seal filing is essential. Accordingly, counsel are ordered to meet and confer in person or by telephone at least seven (7) calendar days prior to the filing of an application wherein the basis for the sealing is that it has been deemed confidential by the other party. Not later than two (2) calendar days after the meet and confer process, the opposing party shall confirm whether such information shall be designated as confidential or whether it can be made available to the public. Such an application shall contain the dates and method by which the parties met and conferred otherwise it will be denied without prejudice to an amended application being filed after counsel have completed this process. If a *receiving party's* request to file designated material under seal pursuant to Local Rule 79-5.1 is denied by the Court, then the receiving party *may file the material in the public record* unless (1) *the designator* seeks reconsideration within four (4) days of the denial, or (2) as

otherwise instructed by the Court. *See* supra 11., p. 18.

### 10. <u>**FINAL DISPOSITION**</u>

Within 60 days after the final disposition of this action, each party shall return all designated material to the designator or destroy such material, including all copies, abstracts, compilations, summaries and any other format reproducing or capturing any designated material. The receiving party must submit a written certification to the designator by the 60-day deadline that (1) identifies (by category, where appropriate) all the designated material that was returned or destroyed, and (2) affirms that the receiving party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the designated material. This provision shall not prevent counsel from retaining an archival copy of all pleadings, motion papers, trial, deposition and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain designated material. Any such archival copies remain subject to this Order.

IT IS SO ORDERED.

Dated: _____

_____
[NAME]
UNITED STATES DISTRICT/MAGISTRATE JUDGE

## EXHIBIT E-1

## AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Protective Order that was issued by the United States District Court for the Central District of California on _____ [date] in the case of _____ **[insert formal name of the case and the number and initials assigned to it by the court]**. I agree to comply with and to be bound by all the terms of this Protective Order, and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment for contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Protective Order to any person or entity except in strict compliance with this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing this Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____ [print or type full name] of _____ [print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Order.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

[printed name]

Signature: _____

[signature]

EXHIBIT F

FORMAT FOR EVIDENTIARY OBJECTIONS

**EXHIBIT F: FORMAT FOR EVIDENTIARY OBJECTIONS**

| Declaration/Testimony of _____ | Objection | Ruling |
|---|---|---|
| **Example 1: Entire Declaration of John Smith**<br><br>Start of Deposition.........................................<br>.................[1. Language subject to objection]<br>...................................................................<br>...................................................................<br>...................................................................<br>.......................................................[2. Language subject to objection]<br>...................................................................<br>...................................................................<br>...................................................................<br>...................................................................<br>[3. Language subject to objection]<br>...................................................................<br>...................................................................<br>...................................................................<br>End of Declaration. | 1. *E.q.,* Hearsay, cite.<br><br>2. *E.g.,* Lacks foundation, cite.<br><br>3. *E.g.,* Hearsay, cite. | 1. Sustained/ Overruled<br><br>2. Sustained/ Overruled<br><br>3. Sustained/ Overruled |

EXHIBIT G

FORMAT OF SUMMARY CHART TO BE ATTACHED TO MOTIONS FOR ATTORNEY'S FEES

**EXHIBIT G: FORMAT FOR ATTORNEY'S FEES SUMMARY CHARTS**

| Table 1 | | | |
|---|---|---|---|
| *Task 1: Motion to Dismiss* | | | |
| **Attorney** | **Rate** | **Hours** | **Fee** |
| Attorney 1 (position) | $XXX/hour | Total hours spent by Attorney 1 on Task 1 | $XXX |
| Attorney 2 (position) | $XXX/hour | Total hours spent by Attorney 2 on Task 1 | $XXX |
| **Fee Request for Task 1** | | **Task 1 Sum** | **Task 1 Sum** |
| *Task 2: Motion for Summary Judgment* | | | |
| **Attorney** | **Rate** | **Hours** | **Fee** |
| Attorney 1 (position) | $XXX/hour | Total hours spent by Attorney 1 on Task 2 | $XXX |
| Attorney 2 (position) | $XXX/hour | Total hours spent by Attorney 2 on Task 2 | $XXX |
| **Fee Request for Task 2** | | **Task 2 Sum** | **Task 2 Sum** |

| Table 2 | | | | |
|---|---|---|---|---|
| **Attorney** | **Rate** | **HOURS BY TASK** | | **TOTALS** |
| Attorney 1 (position) | | Task | Total Hours Spent by Attorney on Task | Hours: Amount: $ |
| | | i.e., Motion to Dismiss | | |
| | | Discovery | | |
| | | Deposition | | |
| | | Task 4 | | |
| | | Task 5 (etc.) | | |
| Attorney 2 (position) | | Motion for Summary Judgment | | Hours: Amount: $ |
| | | Travel | | |
| | | Task 3 | | |
| | | Task 4 | | |
| | | Task 5 (etc.) | | |
| **Total** | | | | Hours: Amount: $ |

In addition to the summary tables, the party requesting fees shall submit, to the Chambers' email at jak_chambers@cacd.uscourts.gov within 24 hours of filing, an Excel spreadsheet that contains all time entries for which fees are sought. Those time entries should be categorized by attorney and task in a manner that corresponds with the summary tables provided. The information in Table 1 and Table 2 shall be separated in separate worksheets within the Excel spreadsheet.